BENEDICT McNEVINS

*v.*

CYRUS LOWE.

1. Physician—*malpractice—degree of care and skill required.* The highest degree of care and skill is not required of a physician to relieve him from liability for damages resulting from his treatment of a patient; only reasonable care and skill are necessary.

14—40TH ILL.

2. SAME—*payment of fees not essential.* But if a person holds himself out to the public as a physician, he must be held to ordinary care and skill in every case of which he assumes the charge, whether in the particular case he has received fees or not.

3. SAME—*not acting as a physician.* Where he does not profess to be a physician, however, nor to practice as such, and is merely asked his advice as a friend or neighbor, he does not incur any professional responsibility. The case of *Ritchey* v. *West*, 23 Ill. 385, is to be understood in this sense.

APPEAL from the Circuit Court of Mercer county; the Hon. JOHN S. THOMPSON, Judge, presiding.

The facts in this case are sufficiently stated in the opinion.

Mr GEORGE C. CAMPBELL, for the appellant.

Messrs. GOUDY and CHANDLER, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought against the appellant for malpractice as a surgeon and physician. In the third and fourth instructions for the plaintiff, the court told the jury that the defendant, if he held himself out as a physician, was liable for whatever damage may have accrued to the plaintiff by reason of *any* want of care or skill on his part whether he charged fees or not. This states the responsibility of a physician too strongly, as it requires the highest degree of care and skill, whereas only reasonable care and skill are necessary. As to the payment of fees the instruction is unobjectionable. If a person holds himself out to the public as a physician he must be held to ordinary care and skill in every case of which he assumes the charge, whether in the particular case he has received fees or not. But if he does not profess to be a physician nor to practice as such, and is merely asked his advice as a friend or neighbor, he does not incur any professional responsibility. The case of *Ritchey* v. *West*, 23 Ill. 385, is to be understood in this sense. The judgment must be reversed because the instruction required the highest degree of care and skill.

*Judgment reversed.*