THOMPSON D. FISHER ET AL.

v.

CASSIUS M. NICCOLLS.

1. MALPRACTICE—PROFESSIONAL SKILL—RULE OF LAW.—The law does not require the highest degree of skill in physicians and surgeons, but they undertake to bring to their aid the ordinary care and skill of those engaged in the profession, and to treat their patients with ordinary care and skill, and to the best of their judgment.

2. EVIDENCE AS TO MANNER OF TREATMENT.—On the trial appellants were asked if in the treatment of appellee they exercised their best judgment and skill. The real controversy being as to the manner in which the treatment was made, an answer to the question was proper, as tending to rebut the charge of negligence, and should have been allowed.

3. ERROR IN JUDGMENT.—An instruction that if the jury believe the defendants used ordinary skill and care in the treatment of plaintiff's hand, and made a mistake in judgment, then the defendants are not liable for the result of such mistake under the law, correctly states the law; and a modification by the court, by adding "provided the defendants in making up their judgment did not disregard the well settled rules of medical science," was erroneous, as there was no evidence in the case upon which to base it.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. TIPTON & POLLOCK for appellants; that a physician is bound only to use ordinary care and skill, and exercise his best judgment, cited 1 Hilliard on Torts, 225; Leighton v. Sargent, 7 Foster, 460; Tefft v. Wilcox, 6 Kan. 61; Branner v. Storment et al. 9 Kan. 51; Simonds v. Henry, 39 Me. 155; Quinn v. Donovan, Sup. Ct. Ill. 1877; McClelland's Civil Malpractice, 215; McNevins v. Lowe, 40 Ill. 210; Ritchey v. West, 23 Ill. 385; Hallam & Barnes v. Means, Sup. Ct. Ill. unreported.

The offer of appellants to show that they exercised their

best skill and judgment should have been allowed: Anderson v. Friend, 71 Ill. 475; Clift v. White, 12 N. Y. 538; Moss v. Riddle, 5 Cranch. 351; Miller v. The People, 5 Barb. 203; Griffin v. Cranston, 1 Bosw. 281; Seymour v. Wilson, 14 N. Y. 567; Forbes v. Waller, 25 N. Y. 439; Bedell v. Chase, 34 N. Y. 386; McKown v. Hunter, 30 N. Y. 628;

The verdict should have been set aside as being clearly against the weight of evidence: Hibbard v. Molloy, 63 Ill. 471; Puterbaugh v. Crittenden, 55 Ill. 485; Waggeman v. Lombard, 56 Ill. 42; Goodwin v. Durham, 56 Ill. 239; C. & A. R. R. Co. v. Purvines, 58 Ill. 38; Smith v. Slocum, 62 Ill. 354; Knott v. Skinner, 63 Ill. 239.

Even where the evidence is conflicting, if it preponderates strongly in favor of a party, a verdict against him should be set aside: C. R. I. & P. R. R. Co. v. Herring, 57 Ill. 59; C. C. & I. C. R. R. Co. v. Troesch, 57 Ill. 155; Davenport et al. v. Springer et al. 63 Ill. 276; Schwartz v. Lammers, 63 Ill. 500; T. W. & W. R. R. Co. v. Moore, 77 Ill. 217.

Testimony of biased witnesses as to matters of opinion should be distrusted: 1 Greenleaf on Ev. 488; Lockwood v. Lockwood, 2 Curtis, 209; Dillon v. Dillon, 3 Curtis, 96; Dickenson et al. v. Fitchberg, 13 Gray, 546.

Testimony as to whether an ordinarily prudent and skillful surgeon might not be mistaken in his diagnosis, was proper and should have been allowed: State v. Windsor, 5 Harr. 530; Twombly et ux. v. Leach, 11 Cush. 402; Fenwick v. Bell, 47 Eng. C. L. 311; Hunt v. Lowell Gas Light Co. 8 Allen, 170; Commonwealth v. Rogers, 7 Met. 500; Jameson v. Drinkald, 22 Eng. C. L. 636; Rex v. Wright, 1 Brit. C. C. 456; Malton v. Nesbit, 1 C. & P. 70; State v. Klinger, 46 Mo. 224.

Messrs. REEVES, STEVENSON & EWING and Mr. WELDON, for appellee, cited Sterling Bridge Co. v. Pearl, 80 Ill. 251; Woodbury v.——7 Gray, 471; Sill v. Brown, 46 Mo. 224; 75 Ill. 529.

HIGBEE, P. J. This is a suit in case by appellee against appellants who were practicing physicians, for alleged malpractice in the treatment of the appellee's hand for a severe injury received the day before they were called. It is claimed that

appellants so negligently and unskillfully conducted themselves that it became necessary to amputate the hand of appellee, and that the same was lost to him by reason of their negligence, unskillfulness and want of care.

It is not insisted or claimed, so far as we can discover by the record, that appellants are not properly educated and skilled in their profession, but it is claimed that the injury resulted from their negligent and unskillful treatment.

The evidence shows that these physicians were both graduates of medical colleges, and had been engaged in the practice of their profession for many years, and were not wanting in the ordinary skill of the profession.

The law does not require the highest degree of skill in physicians and surgeons, but they undertake to bring to their aid the ordinary skill of those engaged in the profession, and to treat their patients with ordinary care and skill, and exercise their best judgment in such treatment.

On the trial of the cause below, appellants were severally asked by their attorney, if in the treatment of appellee's hand they exercised the best judgment and skill of which they were capable. The question was objected to by appellee and the objection sustained by the court. As there was no question made as to the general knowledge and skill of appellants, but the real controversy related to the manner in which they had treated appellant's hand, we think this evidence was proper and should have been admitted, as tending to rebut the charge of negligence.

On the trial the appellants asked the court to instruct the jury "that if they believe the defendants used ordinary skill and care in the treatment of plaintiff's hand, and made a mistake in judgment, then the defendants are not liable for the result of such mistake under the law." This instruction the court refused to give as asked, but gave it with the following modification: "*Provided*, the defendants in making up their judgment did not disregard the well settled rules and principles of medical science."

We think this modification was improper and should not have been made. The instruction properly stated the law

without the modification, and there was no evidence in the case to which it was applicable.

The main reason urged, however, for reversing the judgment in this court is, that the verdict is against the weight of the evidence, and we are referred to numerous decisions of our own Supreme Court, by both parties declaring the general principles to govern the decision of this question. We have examined these cases and after a patient and careful examination of the evidence in this case, we are prepared to say, that under the ruling of the Supreme Court in any of the cases referred to, the verdict in this case is so manifestly against the evidence as to render it the duty of the court to grant a new trial. We refrain from a discussion of the evidence in detail, as the case may again be submitted to a jury. But as the case now stands we think the verdict is not sustained by any reasonable view of the evidence, and that it does great injustice to appellants.

For these reasons the judgment is reversed and the cause remanded.                                       Reversed and remanded.