SAMUEL E. HOLTZMAN

*v.*

JOSEPH HOY.

*Filed at Ottawa November 13, 1886.*

1. MALPRACTICE—SURGERY—*degree of knowledge and skill required.* It is the duty of one undertaking to treat a fractured limb, to bring to the case that degree of professional knowledge, skill and care which a good physician and surgeon would bring to a similar case under like circumstances.

2. While the law does not exact the highest degree of skill and proficiency attainable in the profession, it does not, on the other hand, contemplate merely average merit.

3. SAME—*evidence—burden of proof.* In an action against a physician and surgeon, for malpractice, the professional skill of the defendant is put in issue, and the burden of proof is upon the plaintiff to show a want of it. The only proper way of showing this, is by proving that he did not exercise it in the treatment of the plaintiff; and the possession or want of proper skill can not be proved by general reputation.

4. So in such case, there is no error in refusing to allow the defendant to prove his reputation in the community and among the profession, as to being a skillful and learned physician.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Livingston county; the Hon. FRANKLIN BLADES, Judge, presiding.

Messrs. STEVENSON & EWING, for the plaintiff in error:

A physician or surgeon is only bound to possess the ordinary skill and learning possessed by those ordinarily learned and skillful in his profession, and to exercise his best care and skill. 1 Hilliard on Torts, 225; McClelland on Malpractice, 215; *Leighton* v. *Sargent,* 7 Foster, 460; *Tift* v. *Wilcox,* 6 Kan. 61; *Branner* v. *Storment,* 9 id. 51; *Simons* v. *Henry,* 39 Me. 155; *Quinn* v. *Donovan,* 85 Ill. 194; *Ritchey* v. *West,* 23 id. 385; *McNevins* v. *Lowe,* 40 id. 210.

We were allowed to prove the defendant's experience, and that he was a graduate of a medical college, as tending to show he possessed ordinary skill in his profession; and no reason is perceived why he should not prove his standing and reputation among his medical brethren in the same community, for the same purpose.

Messrs. STRAWN & PATTON, for the defendant in error:

The court properly excluded evidence of the defendant's reputation as an ordinarily skilled physician and surgeon. *Boydston* v. *Giltner* 3 Oreg. 118; *Williams* v. *Poppleton,* id. 139; *Leighton* v. *Sargent,* 11 Foster, 120; *Mertz* v. *Detweiler,* 8 W. & S. 376.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

The present writ of error brings before us for review a judgment of the Appellate Court for the Second District, affirming a judgment of the circuit court of Livingston county, in favor of Joseph Hoy, the defendant in error, and against Samuel E. Holtzman, the plaintiff in error, for the sum of $2500. The action, in form, was *trespass on the case,* and the cause of action was alleged negligence and unskillfulness on the part of the defendant, as a physician and surgeon, in the treatment of the plaintiff's leg for a serious and complicated fracture.

The case is submitted here on the briefs and arguments filed in the Appellate Court, and, as it most usually happens when this course is pursued, they are, in the main, occupied with a discussion of controverted questions of fact,—a matter with which we have no concern. The case, so far as it is open to review here, is brought within a very narrow compass, and may be disposed of in a few words.

On the trial below, the court refused to permit Dr. Gaylord, one of the defendant's witnesses, to answer the following ques-

tion: "I will ask you what his (Dr. Holtzman's) reputation is in the community, and amongst the profession, as being an ordinarily skillful and learned physician,"—and the court's action in disallowing the question is assigned for error. Waiving the formal objections to this question, which are apparent, we have no doubt of the correctness of the ruling of the court upon it. The duty which the defendant, as a physician and surgeon, owed the plaintiff, was to bring to the case in hand that degree of knowledge, skill and care which a good physician and surgeon would bring to a similar case under like circumstances. While this rule, on the one hand, does not exact the highest degree of skill and proficiency attainable in the profession, it does not, on the other hand, contemplate merely average merit. In other words, in order to determine who will come up to the legal standard indicated, we are not permitted to aggregate into a common class the quacks, the young men who have had no practice, the old ones who have dropped out of the practice,—the good and the very best,—and then strike an average between them. This method would evidently place the standard too low. As a physician or surgeon can not bring the requisite skill to any case unless he has it, it follows, the professional skill of the defendant was, if not in express terms, at least by implication, put in issue in this case, and the *onus probandi* was upon the plaintiff to show his want of such skill. The proper and only mode of doing this was by proving that he did not exercise it in the treatment of the plaintiff's leg.

It does not, however, follow, that because the defendant's skill, or rather the want of it, was put in issue, it could be either established or disproved by showing his general reputation. While his skill, or the want of it, was put in issue, his reputation in that respect was not put in issue, and, therefore, evidence to establish it was properly excluded. Suppose it appeared, from the evidence, the treatment of the plaintiff's leg was proper, and in every respect according to the most

approved surgery, and evidence of the character offered had been admitted, would it have availed the plaintiff anything if it further appeared, from the evidence, that the defendant was generally reputed to be an unskillful and unsafe surgeon? Surely not. The hypothesis here suggested, as we conceive, is but a presentation from a different standpoint of the principle contended for, but in a way that more forcibly illustrates its unsoundness.

There are many reasons, outside of those mentioned, why evidence of this character is not admissible. First, its bearing upon the issue is too remote, and in many, if not most, of cases, it would tend to mislead the jury rather than enlighten them. The veriest quack in the country, by his peculiar methods, not unfrequently becomes very famous, for the time being, in his locality,—so much so that every person in the neighborhood might safely testify to his good reputation. It is true, that one's reputation thus acquired is generally of short duration. His patrons, sooner or later, must pay the penalty of their credulity, by becoming the victims of his ignorance, and, with that, his good name vanishes. Yet, according to the principle contended for, the quack, in such case, when called to account for his professional ignorance, might successfully entrench himself behind his previous good reputation. Again, one may, in many respects, be a good practitioner, and deservedly stand well in the neighborhood in which he lives, and yet, at the same time, be grossly ignorant about some matter in the line of his profession, which would render him liable, if, by reason thereof, his patient should be improperly treated, and thereby subjected to loss or injury. In such case it is manifest, evidence of the defendant's good reputation would be no answer to an action brought for the injury sustained, and its admission would be clearly calculated to mislead the jury.

Other illustrations might be given of the impropriety of admitting such testimony, but it is not necessary to do so.

The general view here presented we think sufficiently meets the main points made by counsel for plaintiff in error upon the defendant's refused instructions, and for this reason we do not deem it necessary to discuss them in detail. Suffice it to say, in general terms, that, taking the instructions as a whole, we think the law, as applicable to the case made by the evidence, was fairly laid down to the jury, and that in this respect plaintiff in error has no ground to complain.

In this connection it may be added, that the opinion in this case, delivered by Mr. Justice BAKER, in the Appellate Court, discusses the questions made upon the instructions in a very full and elaborate manner, and we are fully satisfied with the view taken of them in that opinion.

The judgment will be affirmed.

*Judgment affirmed.*