M. M. BARNEY v. JOSEPH PINKHAM.

[FILED APRIL 29, 1890.]

1. **Veterinary Surgeon:** PROFESSIONAL SKILL: LIABILITY. A veterinary surgeon, in the absence of a special contract, engages to use such reasonable skill, diligence, and attention as may be ordinarily expected of persons in that profession. He does not undertake to use the highest degree of skill, nor an extraordinary amount of diligence. In other words, the care and diligence required are such as a careful and trustworthy man would be expected to exercise.

2. ———: ———: ———. *Held,* That the petition fails to state a cause of action.

Barney v. Pinkham.

Error to the district court for Kearney county. Tried below before Gaslin, J.

*L. W. Hague,* and *Stewart & Rose,* for plaintiff in error, cited : *Nelson v. Harrington,* 72 Wis., 591 ; *Leighton v. Sargent,* 27 N. H., 460 ; *Holtzman v. Hoy,* 118 Ill., 534 ; *Carpenter v. Blake,* 60 Barb. [N. Y.], 488 ; *Craig v. Chambers,* 17 O. St., 253.

*St. Clair & McPheely, contra,* cited : *Mayo v. Wright,* 29 N. W. Rep., [Mich.], 832 ; *Patten v. Wiggin,* 2 Am. Law Reg., 401 ; *Carpenter v. Blake,* 75 N. Y., 12 ; *Branner v. Stormont,* 9 Kan., 55 ; Cooley, Torts, 650.*

Maxwell, J.

The defendant in error recovered a judgment against the plaintiff in error in the court below and the only question presented is, Does the petition state a cause of action? The petition is as follows :

" Joseph Pinkham }
        v.                    }
  M. M. Barney.     }

" The plaintiff for cause of action against the defendant herein says that prior to and until the 27th day of April, 1888, he, the plaintiff, was the owner of a certain roan mare of the value of $200 ; that on or about the 21st day of April, 1888, the said mare became and was sick with some disease then unknown to plaintiff in kind and character ; that at said date last aforesaid, and long prior thereto, the defendant claimed to be and advertised and held himself out to the public to be a veterinary surgeon and asked to be employed as such in the treatment of sick and diseased horses ; that the plaintiff on or about the 22d day of April, 1888, employed the defendant to treat and cure the said mare aforesaid of said sickness aforesaid for pay ; that

the defendant, under said employment, and in his professional capacity as veterinary, visited said mare a number of times, examined her, diagnosed her case, prescribed medicine, gave her medicine, and treated and caused her to be treated, under his sole directions and management, until on or about the 27th day of April, 1888, when said mare died.

"Plaintiff alleges that the defendant was and is incompetent to treat sick and diseased horses; that he prescribed, and gave, and caused to be given to said mare aforesaid, drugs and medicines wholly improper for the cure of and treatment of the disease from which the said mare was suffering; that he prescribed, and gave, and caused to be given to said mare in his said treatment of her aforesaid, medicines improper to be given internally for the cure of her said disease and medicines of such a nature and such large quantities as to cause and which did cause the death of said mare, to the damage of this plaintiff in the sum of $200."

A veterinary surgeon impliedly engages and is bound to use in the performance of his duties in his employment such reasonable skill, diligence, and attention as may be ordinarily expected of persons in that profession. He does not contract to use the highest degree of skill nor an extraordinary amount of diligence, but to exercise a reasonable degree of knowledge, diligence, and attention. (*Craig v. Chambers,* 17 O. St., 253; *Nelson v. Harrington,* 72 Wis., 591; *Leighton v. Sargent,* 27 N. H., 460; *Holtzman v. Hoy,* 118 Ill., 534; *Carpenter v. Blake,* 60 Barb., 488; *McNevins v. Lowe,* 40 Ill., 209; *Wood v. Clapp,* 4 Sneed, 65 [S. C., 36 Tenn., 65].)

No doubt an action will lie against a veterinary sergeon for gross ignorance and want of skill as well as for negligence (*Seare v. Prentice,* 8 East, 348); but there is no charge of this kind unless the word "incompetent" includes such charge, which it does not necessarily, as the incompetency may arise from physical defects, as impaired vision or other like cause.

When it is sought to charge one employed in a profession requiring skill with ignorance or want of due care, it must be done by allegations stating that fact, and it should not be left to mere inference to be deduced from the use of vague and indefinite terms.

The implied contract of the plaintiff in error was not to cure but to possess and apply in his treatment of the case such reasonable skill and diligence as are ordinarily exercised in his profession, or, as stated by the supreme court of Ohio in *Craig v. Chambers*, "By accepting the retainer, he bound himself to bring to the performance of his undertaking a reasonable degree of care and skill, but in the absence of a special agreement to do so, he did not undertake to perform a cure. Nor can negligence be implied from the failure of the defendant to effect a cure. Such failure may have arisen from the age and constitution of the patient, or from the inherent difficulties growing out of the nature of the injury, which may have been such as to baffle the highest degree of skill and care."

The care and diligence required are such as under the circumstances a careful and trustworthy man would be expected to exercise. It is evident, therefore, that the petition fails to state a cause of action. If the evidence was before us and established the liability of the plaintiff in error, we would permit an amendment to conform to the proof upon the payment of costs, but as we have no means of determining what the proof in the case was the judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.