## EDWARD C. SIMS
### v.
## ANDREW H. PARKER.

*Malpractice—Physicians—Evidence.*

1.   A physician or surgeon, or one holding himself out as such, is only bound to exercise ordinary skill and care in the treatment of a given case, and in order to hold him liable for damages, it must be shown that he failed to exercise such skill or care.

2.   The jury can not draw the conclusion of unskillfulness from proof of the result of treatment.   That the treatment is improper must be shown by the evidence.

[Opinion filed July 23, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. Blair & March, for appellant.

Messrs. Thornton & Chancellor, for appellee.

Moran, P. J.    This action was brought to recover damages for an injury alleged by appellant to have been caused to him by a truss improperly applied and adjusted to him by appellee for the cure of hernia, when in fact he had no hernia.

At the close of the evidence at the trial, the court directed the jury to find a verdict for the defendant.

Plaintiff had for some years worn a truss on one side, and in March, 1888, feeling certain pains, he went to defendant's place of business, and told his symptoms, and afterward was examined by defendant, who told him that he was ruptured. Thereupon plaintiff purchased a truss from defendant, and had him adjust it to his person.

After the truss was put on, plaintiff suffered great pain, and went back to defendant several times, complaining of the pressure of the truss, and plaintiff readjusted the truss and told him it was necessary to have pressure in order to effect a cure of the alleged hernia.    After wearing the truss about two weeks, plaintiff became sick, and an abscess appeared at the point where the bulb of the truss had pressed.

The evidence shows that plaintiff suffered great pain from the abscess, and was sick for a long time, and his contention is that the abscess was the result of the too great pressure of the truss, produced by the improper adjustment thereof to his body.    It is shown that plaintiff was very fleshy; that at the point where he located the pain which he complained of, when he first went to defendant, there was a slight swelling or protuberance, and that over this, defendant adjusted the bulb of the truss.    When the truss was taken off at the end of two weeks, this swelling had increased and as before said, developed into an abscess.    The physician who attended plaintiff and who was a witness on trial, was unable to say whether there was an incipient abscess at the time the truss was first adjusted, or whether the abscess was produced by the pressure of the truss.

The fair result of the evidence of the experts sworn is, that

there was in fact no rupture on the person of plaintiff, but it is also proven that it is very difficult to tell, with certainty, in many instances, whether in fact there is hernia or not, particularly in the case of fleshy persons.

Defendant introduced a number of the leading surgeons and physicians of the city, who testified to the reputation and skill of defendant in treating hernia, and in fitting and adjusting trusses.

While there is evidence tending slightly to support the contention that the abscess may have been produced by the pressure of the truss, there is absolutely no evidence that defendant was negligent or unskillful in his diagnosis, or in fitting the truss.

Proof that he was mistaken as to the existence of a rupture, or that the abscess was caused by the pressure of the truss, was not enough to entitle plaintiff to a verdict.

Proof of a bad result or of a mishap is of itself no evidence of negligence or lack of skill. The defendant is qualified to practice medicine and surgery, and the evidence of the experts in his profession shows him competent and skillful. Before a recovery could be had against him, it must be shown that his treatment was improper or negligent, not merely that he was mistaken, or that his treatment resulted injuriously to plaintiff. A physician or surgeon, or one who holds himself out as such, is only bound to exercise ordinary skill and care in the treatment of a given case, and in order to hold him liable, it must be shown that he failed to exercise such skill or care. McNevins v. Lowe, 40 Ill. 209.

The jury can not draw the conclusion of unskillfulness from proof of what the result of the treatment was, but that the treatment was improper must be shown by evidence.

"No presumption of the absence of proper skill and attention arises from the mere fact that the patient does not recover, or that a cure was not effected." Haire v. Reese, 7 Phil. R. 138.

No man, skilled or unskilled, undertakes that he shall be successful; "he undertakes for good faith and integrity, but not for infallibility, and he is liable to his employer for negli-

gence, bad faith or dishonesty, but not for lapses consequent upon mere errors of judgment." Cooley on Torts, 777; Holtzman v. Hoy, 118 Ill. 534.

Proof of the lack of skill or negligence on the defendant's part—a necessary element in plaintiff's case—being entirely lacking, the court properly instructed the jury to find for the defendant.

The judgment must be affirmed.

*Judgment affirmed.*