### Louis Matthei v. Ernest Wooley.

1. Medical Practice—*Who are Physicians.*—A person who treats, operates on, or prescribes for any physical ailment must be regarded as practicing medicine, within the meaning of chapter 91, R. S., entitled "Medicine and Surgery."

Matthei v. Wooley.

2. SAME—*Persons Holding Themselves out as Doctors.*—If by treating, operating on, or prescribing for physical ailments, a person holds himself out as a doctor to persons employing him, and they believe him to be a doctor, he will be chargeable as such.

**Action,** for medical malpractice.    Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the March term, 1897.    Affirmed.    Opinion filed April 15, 1897.

RUNYAN & RUNYAN, attorneys for appellant.

FRANK W. BLAIR, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

There was a conflict of evidence on the trial of this case; abundance on either side to win on.

The jury settled that conflict in favor of the appellee, and any review of it would serve only to prove that the conclusion of the jury can not be set aside.

The appellee sued the appellant for the ill consequences to the appellee by the malpractice of the appellant as a physician and surgeon.

The appellant is a druggist.    According to the evidence on the part of the appellee, he thought the appellant was also a doctor, and went to him with a hurt finger, which the appellant treated wrongly for ten days, the result of which was inability for a long time to work, and finally amputation of the finger.

If the appellant did in fact " treat, operate on, or prescribe for any physical ailment of " the appellee, the statute regards him as " practicing medicine," within the meaning of Ch. 91, R. S.

If by so doing he held himself out to the appellee as a doctor, and the appellee believed the appellant to be a doctor, then he is chargeable in that character.    McNevins v. Lowe, 40 Ill. 209.

The only question argued is the sufficiency of the evidence, and we can only affirm the judgment, which is done.

MR. JUSTICE WATERMAN dissents.