## Thomas B. Goodman v. Frank M. Bigler.

MALPRACTICE—*what essential to recovery in action for.* A physician is only held to the exercise of ordinary skill, and in an action for malpractice the burden of proof is upon the plaintiff to show the want of ordinary skill and diligence and to show that the injury resulted from a failure to exercise these requisites.

Action on the case. Appeal from the Circuit Court of Union County; the Hon. WARREN W. DUNCAN, Judge, presiding. Heard in this court at the August term, 1906. Reversed, with finding of fact. Opinion filed March 15, 1907.

D. W. KARRAKER and JAMES LINGLE, for appellant.

P. E. HILEMAN and TAYLOR DODD, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.
This is an appeal from a judgment obtained by appellee against appellant, a physician, in the Circuit Court of Union county, in an action on the case for alleged malpractice or negligence which it is averred produced the injuries complained of. The declaration is in one count and alleges that defendant is a physician and surgeon and was employed by plaintiff to attend and treat him, the plaintiff, who was suffering from a broken leg, that defendant accepted the employment and undertook the treatment of plaintiff; that through the negligence and want of skill of the defendant, the plaintiff's broken leg was not properly and skilfully set and treated, and that by reason thereof plaintiff's leg became crooked, misshapen and shortened, to the damage of the plaintiff of $10,000. The defendant filed a plea of not guilty. The case was tried by a jury, which returned a verdict for the plaintiff for $250.
A number of errors have been assigned. The one chiefly relied upon and pressed in argument, is that the court erred in refusing the peremptory instruction asked by the defendant at the close of the plaintiff's evidence and again at the close of the evidence, the contention of appellant being

that there is no evidence to support the verdict. After a careful examination of the record and all the evidence in the case we have reached the same conclusion.

It appears that appellee fell or was thrown from a loaded wagon, as the frightened team attached thereto ran away. One of the wheels passed over him and the femur of the left leg was broken in two places, one a transverse fracture about four inches above the knee and the other an oblique fracture six inches above that first mentioned. Appellee was otherwise injured. Two of his ribs were broken, his back and head were bruised. He was carried to a house near by and Dr. Keith was called, who administered chloroform, set the broken bones, wrapped the leg with bandages, applied splints and administered the temporary treatment usual in such cases. Shortly after this, appellee was taken home, a distance of four miles. About the time he reached home he became unconscious and remained in that condition five days and five nights. Appellant, for nineteen years in the active practice of medicine and surgery, and for fifteen years appellee's family physician, was called in the day after the accident, and thenceforward had charge of the case, consulting with Dr. Keith, who assisted him more or less in the treatment of appellee, until March 18, 1904, and continued his practice in the family until March 28. This suit was brought to the March term, 1906, of the Circuit Court. There is evidence that the injured leg is not straight and is shorter than the other leg. This it is alleged is due to the negligence of the appellant and it is for this deformity that damages are claimed. The appellant and Dr. Keith, the only attending physicians from the time of the injury until the broken limb healed, testify fully and in detail as to the nature of the injury, its effect upon the appellee at the time, the means applied and the treatment given throughout. Whether or not the treatment was ordinarily skilful and appellant's conduct and management of the case was that of an ordinarily careful and skilful physician, is largely an expert question to be determined from the testimony of witnesses learned and experienced in that kind of service. A

Goodman v. Bigler.

number of physicians were called as witnesses by both sides, and we do not find in the testimony of any one of them an expressed opinion of anything done or omitted by appellant in his treatment of appellee that should have been otherwise or different, nor do we find in the evidence the opinion of any witness that the deformity in appellee's limb is due to any act or omission in appellant's treatment. It clearly appears from the undisputed evidence of the physicians that under the best and most skilful treatment, the result of a double fracture of the femur, as in this case, is usually a limb shortened and more or less deformed, the deformity often greater than appears in this case. The testimony of appellee and two other witnesses, not physicians, that the plaster-cast did not extend sufficiently above the upper fracture, if true and believed, does not establish the right to recover for there is no evidence in the record from which it may be inferred that the defective cast caused the deformity in the leg. It was for appellee to prove the negligence of appellant and that the negligence as proven caused the injury complained of. There is a total lack of evidence to meet either requirement. A physician is only held to the exercise of ordinary skill, and in an action for malpractice the burden of proof is upon the plaintiff to show the want of ordinary skill and diligence, and to show that the injury alleged resulted from a failure to exercise these requisites. McKee v. Allen, 94 App., 147. That appellee's leg was deformed however badly, as the consequence of a fracture which was treated by appellant, is, of itself, no evidence that the deformity is due to negligent or unskilful treatment. It is not a case where the doctrine of *res ipsa loquitur* applies. The negligence must be proved, as must also the consequent injury. The physician is not an insurer of a successful result. Quinn v. Donovan, 85 Ill., 194. The evidence clearly shows that appellant exercised due diligence and at least ordinary skill as a physician and surgeon in the care and treatment of appellee, and that the verdict and judgment is against the manifest weight and preponderance of the evidence upon that point. There was no evidence tending to prove material allegations in the dec-

laration. The peremptory instruction should have been given. The judgment will be reversed with a finding of facts.

*Reversed, with finding of facts.*

We find as facts to be incorporated with the judgment (1) that the defendant was not guilty of negligence as charged in the declaration, and (2) that the injury complained of was not caused by the defendant's negligence.