## Clara Phebus, Plaintiff in Error, v. Henry H. Mather, Defendant in Error.

### Gen. No. 17,462.

1. PHYSICIANS AND SURGEONS—*liability for malpractice.* In an action to recover damages for alleged malpractice in the treatment of an eye, it is incumbent on plaintiff to prove that the treatment administered by defendant was negligent or unskillful, and also that the injuries claimed were the result of such treatment.

2. PHYSICIANS AND SURGEONS—*evidence of malpractice.* In an action to recover damages for alleged malpractice in the treatment of an eye, proof that a good result was not obtained is, of itself, no proof or evidence of negligence or lack of skill, but there must be affirmative proof of such negligence or lack of skill and that the injuries complained of resulted therefrom and such proof can only be established by the testimony of experts skilled in the medical profession.

3. PHYSICIANS AND SURGEONS—*malpractice.* In an action to recover damages for alleged malpractice in the treatment of plaintiff's eye, where the evidence shows that defendant after treating the eye a few times advised plaintiff to go to an eye infirmary where it was necessary to remove the eye on account of gonorrhoeal infection and there is no evidence to show negligence in the treatment by defendant, it is proper to direct a verdict of not guilty.

Error to the Circuit Court of Cook county; the HON. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed May 29, 1913.

JOHN C. KING and JAMES D. POWER, for plaintiff in error.

CALHOUN, LYFORD & SHEEAN, for defendant in error; EDWARD W. RAWLINS, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an action to recover damages for alleged malpractice in the treatment of the eye. The case was tried by a jury, which returned a verdict of not

guilty. Certain assignments of error are made by the plaintiff in error, and cross-errors are assigned by the defendant in error, which we shall not discuss as we are of the opinion that there was no competent evidence tending to support the declaration, and that the jury should have been instructed to find for the defendant, as was requested by defendant's counsel.

To support the allegations of her declaration the plaintiff testified that the first time the defendant treated her for eye trouble was August 16, 1903; that for three or four days prior to that time her right eye had been a little inflamed, which condition was attributed by her to a cold; that on the evening of August 15th, while riding on a street car, she got a cinder or something in her left eye; that the next morning she went to the defendant's office, her eye having been very painful during the night, and told him that she thought it had a cinder in it; that he put some medicine in her eye; that it continued to get worse rapidly, seeming to get worse every hour, and that on the afternoon of the same day the doctor called at her house to see her baby, and while there he again looked at her eye, wiped it out with cotton, put some medicine in it and bandaged it up; that the eye continued to get worse, and that on the following day the doctor called again; that he took a wooden toothpick and scraped around the eye, and the blood ran out, and he put some more medicine in it; that two days later she again went to the doctor's office, and he told her she must go to the Illinois Eye and Ear Infirmary; that on the occasion of the use of the toothpick the mother of the plaintiff said, "Now, doctor, if you don't think you can cure the eye, I will send her to a specialist," to which the defendant replied that it was nothing serious and that be knew his business; that every day after August 17th pus came from her eye; that on Saturday of that week she went to the infirmary, where she remained about two weeks; that the swelling went down and the pus

stopped running, but the eye remained blind and about two years later was removed by Dr. Snydacker. This testimony of the plaintiff is corroborated substantially by the testimony of her mother.

The only medical testimony introduced by the plaintiff was that of Dr. Snydacker, who testified that he had removed plaintiff's eye, that it was blind, and that the other eye was sensitive to light; and in answer to a hypothetical question based upon the assumption that the defendant had used a toothpick, the witness stated it was impossible that the toothpick could have caused the discharge of pus; that germs might be introduced into any part of the body by means of a toothpick, but that the introduction of a toothpick into the eye is never followed by a flow of pus, as in order to cause that it requires an infection of the whole mucous membrane.

The defendant testified that the first time he saw plaintiff's eye was on Sunday afternoon, when he called at her house to see her baby; that he found the right eye somewhat inflamed and the left one full of pus or white matter; that he advised her to go to the hospital for treatment, and upon her replying that she could not go that day, and could not afford to go as she had no money, he told her that the state provided a hospital for just such cases, where she could get attention free, and wrote the name and address of the hospital on one of his cards and gave it to her; that at that time it was apparent that she was suffering from purulent ophthalmia, caused by a gonorrhoea infection; that he told her what was the matter with the eye, but did not tell her the cause, as he did not wish to inform her that he suspected the infection was from her husband; that the next morning he again saw the plaintiff and found the eye covered with a thick, white pus, which he brushed off with cotton, and again advised her to go to a hospital for treatment; that he did not put a toothpick in her eye, or use one in any

way; that that was the last time he saw her, and had never heard of her again until he saw in the newspaper that he was sued.

Dr. Wilder, who was a surgeon at the hospital and who treated the plaintiff's eye at that infirmary, stated that she was suffering from purulent ophthalmia, due to an infection of gonorrhoea, and that it was so severe that the white portion of the eye had become infected, both eyes being affected, but the infection of the left being the more severe; that they succeeded in checking the inflammation in the right eye, but the inflammation in the left one continued with such severity that the greater portion of the eye was destroyed by it; that gonorrhoea infection of this sort takes about three days to develop. He further said that he would not like to prognosticate that if they had had the case earlier the left eye could have been saved; that they did the best they could; that if they had had the case earlier there would have been a better chance, but he did not know whether he would have been able to save the eye.

It also appeared from the evidence that the husband of the plaintiff at this time was suffering from gonorrhoea.

The law seems to be well settled that in order for the plaintiff to recover in a case of this character it is incumbent upon him to prove that the treatment administered by the defendant was negligent or unskilful, and also that the injuries claimed were the result of such treatment. The general rule also is that mere proof that a good result was not obtained is, of itself, no proof or evidence of negligence or lack of skill, but there must be affirmative proof of such negligence or lack of skill, and that the injuries complained of resulted therefrom, and that usually, and especially in eye cases, such proof can only be established by the testimony of experts skilled in the medical profession, and cannot be made by lay witnesses. *Sims v. Parker,*

41 Ill. App. 284; *McKee v. Allen,* 94 Ill. App. 147; *Pettigrew v. Lewis,* 46 Kan. 78; *Ewing v. Goode,* 78 Fed. Rep. 442; *Goodman v. Bigler,* 133 Ill. App. 301; *Wurdemann v. Barnes,* 92 Wis. 206; *Martin v. Courtney,* 87 Minn. 197; *Staloch v. Holm,* 100 Minn. 276; *Kruger v. McCaughey,* 149 Ill. App. 440; *Fisher v. Niccolls,* 2 Ill. App. 484.

In *Moline v. Christie,* 180 Ill. App. 334, recently decided by another branch of this court, this rule is reaffirmed, and Mr. Justice Smith has, in the opinion of that court, not only cited the above cases but made copious quotations therefrom. We therefore do not deem it necessary to repeat these quotations, especially as the attorney for the plaintiff in the last mentioned case is also the attorney for the plaintiff in the case before us.

Counsel for plaintiff in his oral argument concedes that there is no evidence tending to show that the condition of plaintiff's eye was caused by the use of the toothpick—even upon the assumption that the plaintiff's story in that respect is true—but it is claimed that the doctor was negligent in not advising plaintiff to go at once to a hospital for treatment. It also seems to be conceded that the above statement as to the elements necessary to be proved in a case of this kind is a correct statement of the law, but it is contended that there is competent medical evidence in the statements by Dr. Wilder which should have been left to the consideration of the jury. We cannot assent to this contention. Dr. Wilder clearly stated that he would not prognosticate as to what the outcome would have been had the case earlier come under his care. The most he would say was that he thought there would have been a better chance, but he did not know whether or not the eye could have been saved. To permit a jury of laymen to speculate as to what result this "better chance" might have produced is clearly improper, especially in view of the expert phy-

sician's statement that he had no opinion on that subject.

After examination of the entire record, we do not find a single word of competent testimony tending to show either negligence in treatment by the defendant, or that the injury complained of was the result of such negligence.

The conclusion we have reached disposes of all other questions raised, and as the jury has returned a verdict of not guilty, which was the only verdict it should have returned, the judgment will be affirmed.

*Affirmed.*