201 So.2d 586 (1967)
Daniel L. ECKER and Marjorie Ecker, His Wife, d/b/a Shorehaven Apartments, Appellants,
v.
NATIONAL ROOFING OF MIAMI, INC., a Florida Corporation, Appellee.
No. 66-733.
District Court of Appeal of Florida. Third District.
July 18, 1967.
Rehearing Denied September 5, 1967.
*587 Silverstein & Silverstein, Miami Beach, for appellants.
Robert M. Brake, Coral Gables, for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and SWANN, JJ.
SWANN, Judge.
This appeal is by the plaintiffs below from a judgment entered on an adverse jury verdict in an action for breach of contract, filed in the Civil Court of Record of Dade County, Florida.
Following damage to the roof of their apartment house caused by a hurricane in 1964, plaintiffs contracted with the defendant to repair the roof, specifying that the old roof be removed and replaced with a roof having one 30-pound and two 15-pound felts. The new roof was damaged by a 1965 hurricane. In seeking damages, the plaintiffs alleged the defendant failed to remove the old roof, and used three 15-pound felts.
The evidence presented by plaintiffs was that sample borings showed the old roof unremoved, and opinion testimony of plaintiffs' witnesses, who were roofers, to the effect that the new roof was made up of three 15-pound felts. Defendant's testimony was to the effect that it had removed the old roof except for certain patches or portions where the old roof was so securely attached that it was impractical to remove it, of which plaintiffs had knowledge at the time, and that defendant had applied one 30-pound felt and two 15-pound felts as required. Defendant also contended at the trial that due to the fusion of the layers of the new roof it was difficult to distinguish between 15- and 30-pound felt layers.
The sole questions presented on appeal, as stated in the brief of the appellants, is as follows:
"May the testimony of one expert witness be impeached by testimony of a second expert witness that the reputation of the first expert witness for ability is not good?"
The error claimed was the admission in evidence, over objection, of testimony presented for the purpose of impeaching the credibility of plaintiffs' expert (roofer) witnesses, that their reputation as roofers was not good.
*588 The applicable rule of law relating to use of reputation testimony to impeach a witness as to credibility is as stated in Stanley v. State, 93 Fla. 372, 112 So. 73, 74(1927), viz: "The proper mode of examining into the general reputation is to inquire of the witness whether he knows the general reputation of the person in question among his neighbors or in the community in which he resides for peace and quiet, or for truth and veracity, or other trait of character that may be relevant. If the witness testifies he knows such reputation, then he may be asked to state what that reputation is, whether it is good or bad."
Here, the second expert witness was not asked to state the reputation of the first expert for truth and veracity, or for his opinion, based upon personal knowledge of their qualification.
The specific question permitted over objection was:
"Q. What is the reputation of Mr. Kennedy and Mr. Hogarth and the Kennedy Roofing Company among the roofers of Dade County for their ability as roofers?
"A. Their reputation is not good, sir."
It appears that the question was not relevant or material to the issues; did not attack the qualifications of the first witness as an expert, but sought only a personal opinion, as to reputation, without a proper foundation therefor.
In Bremer v. Freeman, (1857), 100 Moo.P.C. 306, 362, Lord Wensleydale, referring to the difficulty of weighing the conflicting testimony of certain experts to foreign law, remarked that, "a proper sense of professional delicacy precludes them from giving evidence as to the merits of each other[1]." We concur. A trial should not be turned into a debate on irrelevant and immaterial issues such as the reputation of one expert witness, as determined or judged by the personal opinion of another expert witness for the other side.[2]
We therefore reverse and remand for a new trial.
CHARLES CARROLL, Chief Judge (dissenting).
I am impelled to dissent. Applying the harmless error statute, which we are enjoined to construe liberally (§ 54.23 Fla. Stat., F.S.A.), it is my conclusion, after examination of the record, that the error was not one which resulted in a miscarriage of justice. For that reason I would affirm.
NOTES
[1] 7 Wigmore, Evidence, § 1984 (3rd Ed. 1940).
[2] People v. Holmes, 111 Mich. 364, 69 N.W. 501 (1896); Clark v. Commonwealth, 111 Ky. 443, 63 S.W. 740 (1901); Holtzman v. Hoy, 118 Ill. 534, 8 N.E. 832 (1886); cf. 5 Wigmore, Evidence, § 1621 (3rd Ed. 1940).