PER CURIAM.
This fight for the material assets of decedent is between his “second” wife and his six grown children. Appellant-widow and co-executrix, Mattie N. O’Steen, and decedent (who was eighty years old) were married one year and 10 months prior to his death. The widow timely filed her election to take dower in lieu of the provisions of decedent’s last will and testament. The decedent’s children contested appellant’s election to take dower on the grounds that she had received benefits from the estate which she had not returned at the time of her election to take dower.
Appellant’s primary contentions are that the trial court erred in refusing to strike the testimony of J. A. O’Steen and in denying her motions for a directed verdict.
The only credible evidence in this record that appellant received benefits from decedent’s sizeable estate pertains to a coca-cola box, an icemaker, and the grazing of some 42 head of appellant’s cattle on estate property without remuneration to the estate. The coca-cola box and icemaker were listed by the appellant and her co-executor, J. A. O’Steen, on the inventory of the estate. A Mrs. Peebles claimed these two items and procured a judgment against the estate in small claims court which declared same to be her property. J. A. O’Steen testified that in his opinion, appellant did not properly resist this action. As to the grazing of cattle, the evidence is uncontroverted that appellant’s cattle along with estate cattle grazed on homestead property (which had not been set aside) in which appellant owned a life estate, as well as upon estate property. In short, the “benefits” alleged to have been received by appellant are not of the quantum that estops her from asserting her rights of dower.
Apparently the jury was impressed with the clearly inadmissible testimony of J. A. O’Steen. Over strenuous objection, this witness opined that when a man made a will everybody should abide by it; that the surviving widow should not receive dower because she had already received some $28,000 and would receive for some 20 to 40 years a check each month for mineral, rights; and there were six children, some who were sick and old, and that appellant should share as the other children were to share. Obviously, this testimony was not admissible as to the issue being tried.
As stated above, the evidence in this record falls far short of proving the essential elements of estoppel that would preclude the widow from claiming her statutory right of dower. The trial judge erred in not granting appellant’s respective motions for directed verdicts; therefore, the judgment appealed is reversed with directions to award appellant dower.
Reversed and remanded.
RAWLS, C. J., and CARROLL, DONALD K. and JOHNSON, JJ., concur.