444 So.2d 452 (1983)
Harold W. CARVER, Etc., et al., Appellants,
v.
ORANGE COUNTY, Etc., et al., Appellees.
Nos. 82-1785 to 82-1791.
District Court of Appeal of Florida, Fifth District.
December 22, 1983.
Rehearing Denied January 27, 1984.
*453 Steven Burrage, of Robert D. Melton, P.A., Orlando, for appellants.
W. David Rogers, Jr., of Rogers & Dowling, P.A., Orlando, for appellees.
SHARP, Judge.
This appeal is from a final judgment entered in favor of appellees, Orange County and Home Insurance Company. We reverse and remand this case for a new trial for the reasons discussed below.
An automobile accident at the intersection of State Roads 436 and 15 in Orange County killed two children and seriously injured three others. At the time of the accident James Ingram was driving the station wagon in which the children were passengers, heading south on 436. He attempted a left-hand turn at the intersection's traffic signal when a northbound automobile struck the station wagon broadside. *454 Whether Ingram turned with a green arrow on his side of the traffic signal was a major dispute at trial. Because the other driver claimed he had a solid green light, the simultaneous appearance of the green turn arrow would constitute a malfunction of the traffic signal.
Appellants sued Orange County and its liability insurer after suing and settling with the drivers. The first trial ended in a mistrial, and a different judge presided at the second trial. Final judgment was entered for appellees following a jury trial on liability only. Appellants raise ten issues on appeal. We consider that three have merit.
The first issue concerns juror misconduct. Juror Louise Tweedy stated on voir dire that although she knew one of appellants' important witnesses, Maxie Pontius, she could fairly judge his credibility. After the trial, juror James R. Matvia filed an affidavit in which he stated that during deliberations Tweedy remarked that she knew Pontius and that she would not believe a thing Pontius said. Based on this affidavit, appellants filed an amended motion for new trial and requested a jury interview. The trial court denied both.
Clearly a hearing should have been held to determine the truth of the matters set forth in the affidavit. See, e.g., Minnis v. Jackson, 330 So.2d 847 (Fla. 3d DCA 1976); Skiles v. Ryder Truck Lines, Inc., 267 So.2d 379 (Fla. 2d DCA 1972). Litigants are entitled to impartial jurors, and jurors who misrepresent their beliefs or facts relating to themselves which would probably require they be excused, deprive the litigants of their right to challenge for cause or to make peremptory challenges. As a practical matter, if we remand the case for a hearing at this time, there might be problems locating the jurors. Further, the trial judge is not currently serving in Orange County. However, we find that we do not have to directly face these problems because other errors mandate a new trial.
A second error occurred when the trial court allowed appellees to impeach appellants' expert witness, Paul Howell, by permitting appellees' expert witness, Wayne Miller, to give his opinion as to Howell's ability. It is improper to impeach an expert witness by eliciting from another expert witness what he thinks of that expert. Schwab v. Tolley, 345 So.2d 747 (Fla. 4th DCA 1977); Ecker v. National Roofing of Miami, Inc., 201 So.2d 586 (Fla. 3d DCA 1967). "Further, proper sense of professional delicacy precludes [experts] from giving evidence as to the merits of each other." Ecker at 588 (quoting Bremer v. Freeman, 100 Moo.P.C. 306, 367 (1957)). Allowing Miller to give his opinion as to Howell's ability constitutes clear error, and mandates reversal.
A third series of errors occurred at trial regarding the testimony of lay witnesses. Henry Dickson, the chief signal technician, was allowed to testify whether he thought the traffic signal's sequence is confusing to motorists. It was not shown that he was qualified to give an opinion on that point. See City Stores Company v. Mazzaferro, 342 So.2d 827 (Fla. 4th DCA 1977); In re Estate of O'Steen, 285 So.2d 443 (Fla. 1st DCA 1973); Mills v. Redwing Carriers, Inc., 127 So.2d 453 (Fla. 2d DCA 1961); §§ 90.701 & 90.702, Fla. Stat. (1981). Josh Holley, a traffic engineer, was permitted to give his opinion on whether Howell's opinions on record keeping and applicable portions of the Manual on Uniform Traffic Control Devices are within the field of electro-mechanical engineering as opposed to civil engineering. Again, it was not established that Holley was qualified to give an expert opinion on that point. See §§ 90.701 & 90.702, Fla. Stat. (1981).
Finally, George Cole, a traffic engineer, was permitted to give his interpretation of Orange County's office notes from the traffic engineering department. He went beyond stating what the meaning of the secretary's notes were when he said in his opinion he thought the worksheet showed there was a two-phase clip-in (no green arrow) at the intersection the day of the accident. Cole was qualified to give his opinion on what the department's records *455 stated, but no more. Cole's opinion a two-phase clip-in was in operation invaded the province of the jury, which should be left to draw its own inferences. See Thomas v. State, 317 So.2d 450 (Fla. 3d DCA 1975); Scott v. Barfield, 202 So.2d 591 (Fla. 4th DCA 1967); Mills.
Because of the cumulative effect of these errors we reverse the judgment and remand for a new trial.
REVERSED AND REMANDED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.