OWEN, WILLIAM C., Jr., Senior Judge.
Appellant insurer, defendant in this uninsured motorist case, received a jury verdict in its favor, but that victory was taken away by post-trial order granting plaintiffs’ motion for a new trial. Because we find no abuse of discretion, we affirm.
The jury found the uninsured motorist and the plaintiff Marshall Gage equally at fault. Nonetheless, the jury returned its verdict in favor of the defendant insurer based on the finding that Mr. Gage had not met the no-fault threshold requirement of permanent injury. The proof on this issue was in conflict. Dr. Kishner, Mr. Gage’s treating physician, testified that Mr. Gage had a permanent injury as a result of the accident. Dr. Schnell, the defendant’s medical expert, testified on direct that from his examination of Mr. Gage he found no indication of a permanent injury. Extensive cross examination failed to dislodge Dr. Schnell from his position. Taking a different tack, plaintiffs’ counsel embarked on a series of questions of Dr. Schnell concerning what consideration he had given to Dr. Kishner’s records and findings. To each of these questions Dr. Schnell replied, in essence, that he did not depend upon the other doctors’ findings, but rather upon his own findings and examinations. Finally, however, plaintiffs’ counsel asked outright “how do you account for Dr. Kishner’s findings,” to which Dr. Schnell responded:
I can’t give you an opinion for Dr. Kish-ner. If you really want me to get into it, I’ll get into it. We know Dr. Kishner is a plaintiff’s doctor. He finds positive EMG’S in every patient he sees. If you want an opinion, I’ll give it to you. I don’t want to do this. I don’t like to comment on other doctors.
Plaintiffs’ motion to have this answer stricken as an improper comment by one expert on the qualifications or credibility of *670 another,[1] and the accompanying motion for a curative instruction to the jury, were both denied, the court noting that the doctor’s response was invited by the form of the question. Notwithstanding, the court granted plaintiffs’ post-trial motion for new trial, finding that the court’s failure to strike Dr. Schnell’s response and appropriately instruct the jury was prejudicial error even though the response was invited by the line of questions directed to the witness.
We need not expound at length on the well-recognized principle that the trial court, in ruling upon a motion for new trial, is given broad judicial discretion.[2] Here, in order for the jury to return a verdict finding Mr. Gage had sustained no permanent injury, the jury would have had to completely discount the findings and opinion of Dr. Kishner, his treating physician. There may have been valid reasons why the jury would do exactly that, but the trial judge who heard all of the evidence, viewed all of the witnesses and was in a prime position to give consideration to the credibility of those who testified obviously concluded that Dr. Schnell’s characterization of Dr. Kishner as a “plaintiff's doctor” was a persuasive factor in the jury’s decision. We see nothing arbitrary or fanciful in the trial court’s decision to grant the plaintiffs’ motion for new trial. The propriety of the action taken by the trial court is a matter upon which reasonable persons could differ and for that reason we do not view it as an abuse of the trial court’s discretion.
Appellant has posited the issue in this case as one of “invited error”. Without question, Dr. Schnell’s answer, quoted above, was an invited response to the question. While it may have contained an improper comment on Dr. Kishner’s qualifications, it was not error. What witnesses or counsel say and do is not, of itself, error. Error means “judicial error,” and occurs when the judge either does something that the judge should not do, or fails to do something which the judge should do at the time and under the circumstances. Invited error of the type that courts will not consider on appeal occurs when counsel leads the court into taking certain action, and thereafter, on appeal, counsel asserts that the court erred in doing so. This case did not involve invited error.
AFFIRMED.
DOWNEY and WARNER, JJ., concur.

. See, e.g., Carver v. Orange County, 444 So.2d 452 (Fla. 5th DCA 1983); Schwab v. Tolley, 345 So.2d 747 (Fla. 4th DCA 1977); Ecker v. National Roofing of Miami, Inc., 201 So.2d 586 (Fla. 3d DCA 1967).

. See, e.g., Castlewood International Corporation v. LaFleur, 322 So.2d 520 (Fla.1975); Weems v. Dawson, 352 So.2d 1196 (Fla. 4th DCA 1977), cert. denied, 359 So.2d 1221 (Fla.1978).