PEARSON, TILLMAN, Chief Judge.
The trial judge entered judgment for the defendants upon a verdict of the jury which read as follows:
“We, the Jury, find for the plaintiff, Nettie Pearl Carroll, against the Defendants and access [sic] her damages at None Dollars.”
The plaintiff has appealed and raised four points; three of which are based upon assignments directed to rulings by the trial judge during the trial. We find no error, but the fourth point merits discussion.
Plaintiff’s fourth point is:
“It was prejudicial error to enter final judgment for defendants on the verdict of 'no damages’ which was contrary to the manifest weight of the evidence.” [1]
There can be no doubt that it is error to enter a judgment for the defendant upon a verdict for the plaintiff. The real question is whether the error is one upon which this appellant is entitled to a reversal.
We are informed by the briefs that the case proceeded to trial upon a stipulation (not in the record) by which defendants admitted liability. Therefore the issue tried was that of plaintiff’s damages, if any. We are not presented with a record of the proceedings before the court at the time the verdict was returned, and it is not shown that appellant (the then plaintiff) objected to the form of the verdict. The error of entering an inconsistent judgment is not argued in appellant’s brief. The thrust of her entire argument upon the point quoted is that under the evidence she was entitled to damages. Therefore, insofar as reversal under her assignments is concerned, the appellant has abandoned that portion of the point directed to the inconsistent judgment. This is pursuant to F.A.R. 3.7 (i) 31 F.S.A., which reads as follows:
“i. Points Not Argued Are Abcm-doned. Such assignments of error as are not argued in the briefs will be deemed abandoned and may not be argued orally. However, the Court, in the interest of justice, may notice jurisdictional or fundamental error apparent in the record-on-appeal, whether or not it has been argued in the briefs or made, the subject to an assignment of error, or of an objection or exception in the court below.”
*626 We must, therefore, consider whether the error is “jurisdictional or fundamental”, as the words are used in the last sentence of this quoted rule. We think that it is not, because the appellant had a fair trial and received a verdict which is sensible upon the issue tried. The purpose of the rule is to permit an appellate court to expedite a just termination of litigation. Cf. Glassman v. Deauville Enterprises, Inc., Fla.App.1958, 99 So.2d 641.
Affirmed.

. Such a double-barrelled point is contrary to the provision of F.A.R. 3.7, subd. f (3) that the brief shall contain, “A statement of the * * * points involved, in a clear and concise manner, * *