468 So.2d 1073 (1985)
Armindo PEDREIRA, Appellant,
v.
Manuel SILVA and Travelers Insurance Company, Appellees.
No. 84-1118.
District Court of Appeal of Florida, Third District.
May 14, 1985.
Herman Klemick and Fernando F. Freire, Miami, for appellant.
Nelson & Schwait and Steven R. Adamsky, Miami, for appellees.
Before NESBITT, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
This appeal is brought by a plaintiff in a personal injury action from a judgment entered on an order granting defendant's motion for judgment notwithstanding the jury verdict.
We are called upon to review the trial court's determination that there was insufficient evidence to support the jury verdict *1074 on the issues of whether plaintiff was an invitee on defendant's premises to whom defendant owed a duty to maintain the premises in a safe condition, and, if so, whether the defendant negligently failed to maintain the premises in a safe condition. We reverse and hold that on the facts of this case, a jury question was presented as to both issues.
The plaintiff, Pedreira, had gone to the home of the defendant, Silva, to deliver a message from plaintiff's mother.[1] Plaintiff arrived at the house at dusk. The defendant's wife, co-owner of the house, was sitting on the sofa watching television. The only light from the house was that coming from the television set. The wife called out to plaintiff to come in, and told him that her husband was in the rear of the house. She did not call out to her husband to inform him of plaintiff's arrival. As the plaintiff proceeded to the back of the house, he tripped on a toy train set which had been placed in front of the glass door by defendant a few days earlier. Plaintiff fell forward into a sliding glass door, breaking the door with his hand and severing a tendon. He brought suit against defendant and the defendant's insurer,[2] and received a jury verdict for $15,000 to be reduced by 60% comparative negligence. The trial court then entered a judgment notwithstanding the jury verdict in favor of defendant.
The plaintiff appeals, contending that the jury verdict was supported by the evidence. The defendant, in support of the trial court's judgment, maintains that the plaintiff was not an invitee but an uninvited licensee; more particularly, the argument is that plaintiff was an invitee as to the non-defendant wife who invited him in, but was an uninvited licensee as to the defendant husband who was not aware of his presence until after the accident. Further, defendant claims that there was no duty to warn of, or make safe, a patent or obvious condition that was not dangerous per se.
We look first to the cases which define an invitee and state the duty of the landowner. As to a licensee, the historical duty is to not intentionally expose him to harm and to warn against actual known dangers. Where one on the premises is an invitee, the landowner's duty is to maintain the premises in a reasonably safe condition or to correct or warn a visitor of a dangerous condition of which the premises owner knew or reasonably should have known in the exercise of reasonable care, and of which the visitor neither knew nor should have known by the use of reasonable care. See generally Post v. Lunney, 261 So.2d 146, 147 (Fla. 1972); Lister v. Campbell, 371 So.2d 133, 134 n. 1 (Fla. 1st DCA), cert. denied, 378 So.2d 346 (Fla. 1979).
The status of one upon the land of another, and the duty owed, are often questions of fact. The court in the leading case of Wood v. Camp, 284 So.2d 691 (Fla. 1973), held:
The presence upon the premises, reasonably to be expected by the owner, his family, agents or servants, of the person who is injured; the person's purpose for being upon the premises; and the location where he was at the time of injury, are factors to be weighed together with all other evidence bearing on the duty allegedly owed and bearing on what constitutes "reasonable care in the circumstances."
Id. at 695. One's status as an invitee may be established by the express or implied acts of the owner or his family or agents. Id. That status, once conferred, determines the duty owed.
A review of the record shows sufficient evidence to survive a motion for directed verdict on the issues of whether plaintiff was an invitee on defendant's premises, and whether defendant or any member of his family breached a duty to maintain the premises in a reasonably safe condition or to warn of dangers which the landowners reasonably should have been *1075 aware. See Whitten v. State Farm Fire and Casualty Co., 430 So.2d 528 (Fla. 4th DCA 1983) (where plaintiff was injured in defendant's home when he stepped and fell on a small toy car belonging to the defendant's minor child, sufficient evidence of negligence was presented to make for a jury question and directed verdict was improper); see also Dandashi v. Fine, 397 So.2d 442 (Fla. 3d DCA 1981) (it is only in the absence of any evidence that a court should direct a verdict for a defendant). Therefore, the trial court erred in granting the defendant's motion for judgment notwithstanding the jury verdict.
Reversed and remanded with instructions to reinstate the jury verdict.
NOTES
[1] Silva is the brother of Pedreira's stepfather.
[2] The defendant's wife was not named as a party to the lawsuit.