PER CURIAM.
This is an appeal by the defendant from an adverse judgment entered after a non-jury trial in an action to collect under an insurance policy. The defendant’s sole point on appeal is that the trial court erred in awarding a judgment for damages to the plaintiff because, it is urged, there is a total lack of competent evidence to support the judgment. We reject this contention based on the following, briefly stated, legal analysis.
The entire basis for the defendant’s above-stated sufficieney-of-the-evidence point consists of an attack on the admissibility of the testimony given by the plaintiff’s sole witness below. A separate point on appeal is not raised concerning the admissibility of this testimony. The defendant urges that the trial court, at the close of all the evidence, should have disregarded the testimony of the plaintiffs sole witness because it was entirely inadmissible — even though the trial court had previously admitted the testimony during the trial. We disagree. Once having admitted the testimony in evidence, the trial court was required to weigh the credibility of this testimony at the close of all the evidence at trial — and was not free, as urged, to disregard this testimony on the ground that it was inadmissible under the rules of evidence. We have, accordingly, examined the testimony attacked in this appeal and find that it constitutes sufficient, competent evidence to support the judgment entered below. See e.g., Shaw v. Shaw, 334 So.2d 13,16 (Fla.1976); Read v. Frizzell, 60 So.2d 172, 173-74 (Fla.1952); MacGregor v. Sachs, 57 So.2d 426, 427 (Fla.1952); Padron v. State, 153 So.2d 745, 746 (Fla. 3d DCA), cert. denied, 157 So.2d 818 (Fla.1963); compare McCormick on Evidence §§ 54, 60 at 140-41, 153-54 (E.Cleary 3d ed. 1984).
Affirmed.