497 So.2d 279 (1986)
Seymour SINGER, Bennett M. Lifter, Inc., As Trustee of the Daniel and Helene Lifter Trust, Bennett M. Lifter, Inc., and Aetna Casualty and Surety Company, a Foreign Corporation, Appellants,
v.
Florentino BORBUA, Appellee.
No. 85-231.
District Court of Appeal of Florida, Third District.
October 7, 1986.
Rehearing Denied November 26, 1986.
*280 Ress, Gomez, Rosenberg & Howland, Steven A. Edelstein, North Miami, for appellants.
Horton, Perse & Ginsberg, Arnold Ginsberg, Brumer, Cohen, Logan, Kandell & Kaufman, Miami, for appellee.
Before BARKDULL, HENDRY and HUBBART, JJ.
PER CURIAM.
This is an appeal by various defendants from a final judgment entered upon an adverse jury verdict in a negligence action. The sole point urged on appeal is that the trial court erred in failing to enter judgment for the defendants pursuant to defense motions for summary judgment, directed verdict, and judgment notwithstanding the verdict. The gravamen of the defendants' argument here is that (a) there was no evidence presented below establishing that the plaintiff herein was an invitee on the defendants' premises, other than inadmissible hearsay evidence, and the record conclusively establishes that the defendants did not breach any duty owed to the plaintiff as an uninvited licensee or trespasser, and (b) even if the plaintiff was an invitee on the defendants' premises, the record conclusively establishes that the defendants did not breach any duty owed to the plaintiff as an invitee. We disagree and affirm.
As to the sole point raised on appeal, the defendants concede there was direct evidence presented at trial that the plaintiff was invited onto the defendants' premises by a tenant of the defendants. The defendants argue, however, that the trial court should have disregarded that evidence when considering defense motions for a directed verdict because the evidence constituted inadmissible hearsay. A trial court, however, is not privileged to disregard evidence admitted at trial when considering a motion for directed verdict because all evidence admitted before the jury must be considered when ruling on such a motion. Southeastern Fire Insurance Co. v. King's Way Mortgage Co., 481 So.2d 530, 531 (Fla. 3d DCA 1985). See Tiny's Liquors, Inc. v. Davis, 353 So.2d 168, 169 (Fla. 3d DCA 1977); Seigel v. Mt. Sinai Hospital of Greater Miami, Inc., 250 So.2d 332, 333 (Fla.3d DCA 1971). Moreover, we agree with the plaintiff that, aside from this disputed evidence, there was sufficient circumstantial evidence presented below from which the jury could conclude that the plaintiff was an invited guest on the subject premises. See Wood v. Camp, 284 So.2d 691, 695 (Fla. 1973) (invitation may be "implied under the circumstances"); Nielsen v. City of Sarasota, 117 So.2d 731, 733 (Fla. 1960) (facts at issue in civil cases may be proved circumstantially); Pedreira v. Silva, 468 So.2d 1073, 1074 (Fla. 3d DCA 1985) (status of one on property is often a *281 factual issue). Finally, we conclude that there was ample evidence that the defendants breached a duty of care owed to the plaintiff as an invitee and reject the defendants' arguments to the contrary. See Handel v. Rudnick, 78 So.2d 709, 710 (Fla. 1955); Whitten v. State Farm Fire & Casualty Co., 430 So.2d 528, 529-30 (Fla. 4th DCA 1983); Cleaver v. Dade County, 272 So.2d 559, 561 (Fla. 3d DCA 1973). Accordingly, the trial court did not commit error, as urged, in failing to enter judgment for the defendants by denying defense motions for a directed verdict. Nor was there any error, in our view, in the trial court's denial of the defendants' motion for summary judgment.
As an aside, the defendants also argue that the trial court erred in denying their motion for new trial because of the erroneously admitted hearsay testimony. This argument, however, is not made a separate point on appeal, and, accordingly, we do not pass on the merits thereof. The sole point on appeal relates to the failure of the trial court to enter judgment for the defendants, as stated above, and the contention concerning a new trial is contained in the argument made on behalf of this point. It is well settled that, in order to obtain appellate review, alleged errors relied upon for reversal must be raised clearly, concisely and separately as points on appeal. See Lynch v. Tennyson, 443 So.2d 1017, 1019 (Fla. 5th DCA 1983); McClendon v. International House of Pancakes, 381 So.2d 728, 728 (Fla. 1st DCA 1980); Anderson v. State, 215 So.2d 618, 619 (Fla. 4th DCA 1968); see also Redditt v. State, 84 So.2d 317, 321-22 n. 1 (Fla. 1955) (emphasizes importance of points on appeal for proper judicial review), aff'd, 88 So.2d 126 (Fla. 1956) (en banc); Fla.R.App.P. 9.210(b)(5) (Committee notes from 1977 revision of sections (b), (c), (d), (e)); cf. Carroll v. Hertz Corp., 132 So.2d 624, 625 n. 1 (Fla. 3d DCA 1961) (disapproves of single "double-barrelled" points addressing two issues), cert. denied, 138 So.2d 333 (Fla. 1962).
The final judgment under review is, therefore, in all respects,
Affirmed.