543 So.2d 438 (1989)
Bryan Wayne BESSENT, by and through His Parent and Next Friend, Hershell Bessent, and Hershell Bessent, Individually, Appellants,
v.
Donald W. MATTHEWS and Misty Kelly Butler, Appellees.
No. 88-2448.
District Court of Appeal of Florida, First District.
May 23, 1989.
*439 Michael R. McCullough, Jacksonville, for appellants.
A. Graham Allen and Pamela S. Lynde of Allen, Brinton & Simmons, P.A., Jacksonville, for appellees.
SMITH, Chief Judge.
The appellant, plaintiff below, appeals from a final summary judgment entered in his negligence suit in favor of the appellee, one of the codefendants. We affirm.
The appellee leased a single family dwelling to Misty Butler, a codefendant, and another individual. Butler was allowed to keep a dog, a mixed breed pit bull terrier and English bulldog, on the premises. When Butler's nephew, the appellant, came to visit one afternoon, the dog was locked up in a wash house. The other tenant inadvertently freed the dog who attacked the appellant. While the appellee was aware that Butler's dog was part pit bull, it is undisputed that the appellee had no actual knowledge of any vicious propensity of the dog. This unfortunate attack occurred three months after the lease giving the tenants exclusive possession of the premises was signed.
In his amended complaint, the appellant asserts that the appellee owed a duty to his tenant's invitee to use ordinary care in keeping the premises reasonably safe and that the appellee breached this duty by failing to inspect the leased property, failing to maintain the property in a reasonably safe condition and by allowing his tenant to keep a "vicious" dog on the property. In its final summary judgment, the trial court held that the appellee had no duty to inspect the leased premises or warn the appellant of any dangerous condition. We believe that given the facts of this case, the trial court was correct.
On appeal, the appellant relies primarily upon Anderson v. Walthal, 468 So.2d 291 (Fla. 1st DCA 1985). In that case, we reversed a summary judgment in favor of a landlord who was sued by a visitor to his industrial park. The visitor was attacked by a dog kept on the property by another tenant. This court felt summary judgment was improper because a genuine issue of fact remained as to whether the landlord knew of a vicious tendency on the part of the attacking dog. In Anderson, there was evidence that the landlord's property manager, who occupied an office on the premises, knew the dog was vicious. Therefore, if the jury concluded that the property manager did in fact have actual knowledge of the dog's vicious nature, such knowledge could be imputed to the landlord under principles of agency law.
In the instant case, however, there is no evidence in the record that the appellee knew or had reason to know that his tenant's dog was vicious. It is well established that unless a landlord has actual knowledge of the vicious nature of a tenant's dog, or such knowledge can be imputed to the landlord, as in Anderson, there is no liability to third persons for injuries caused by the tenant's dog. See generally, 81 A.L.R.3d 638, Landlord's Liability To Third Person For Injury Resulting From Attack By Dangerous Or Vicious Animal Kept By Tenant. If a landlord does have actual knowledge and also has the ability to remove or abate the hazard posed by the dog, then liability may exist. See Vasques v. Lopez, 509 So.2d 1241 (Fla. 4th DCA 1987). We are not prepared to say, as appellant requests, that any dog with a trace of pit bull ancestry is under the law deemed vicious.
Moreover, appellant has cited to no authority for his assertion that a landowner has a duty, merely by reason of the landlord-tenant relationship, to make periodic inspections of leased property after a tenant takes possession. As the court in Bovis v. 7-Eleven, Inc., 505 So.2d 661, *440 663-4 (Fla. 5th DCA 1987) stated, when a landlord has no right to control access by third parties on the premises and the tenant has taken possession, "the lessee and not the lessor (owner) [has] the continuing legal duty to inspect the premises, and in permitting or denying access to other, to act according to the safety or danger then existing."
Because the appellant has not established a basis for finding the appellee liable, the summary judgment is AFFIRMED.
THOMPSON and MINER, JJ., concur.