547 So.2d 349 (1989)
Carmen OLAVE, Appellant,
v.
Donald F. HOWARD and Virginia Howard, Appellees.
No. 89-457.
District Court of Appeal of Florida, Third District.
August 15, 1989.
*350 Robbins & Reynolds, and Marc J. Reynolds, Coral Gables, for appellant.
Nelson & Tacher, and David L. Willing, Miami, for appellees.
Before NESBITT, BASKIN and COPE, JJ.
PER CURIAM.
Appellant, who was plaintiff below, appeals an adverse summary judgment.
Plaintiff was bitten by a dog which had escaped from a fenced back yard when the owner, Thomas Johnson, accidentally left the gate open. Johnson was a tenant of the appellees, Donald and Virginia Howard. Plaintiff brought suit against the dog owner under section 767.04, Florida Statutes (1987), and those claims remain pending below. Plaintiff also sued the landlords, asserting common law liability for allowing the tenant to maintain a dangerous animal on the demised premises. The trial court entered summary judgment in favor of the landlords and we affirm.
The tenant's dog was a mixed breed that was part pit bull. The present case closely resembles Bessent v. Matthews, 543 So.2d 438, 439 (Fla. 1st DCA 1989), in which the court stated in part:
In the instant case, however, there is no evidence in the record that the appellee knew or had reason to know that his tenant's dog was vicious. It is well established that unless a landlord has actual knowledge of the vicious nature of a tenant's dog, or such knowledge can be imputed to the landlord, as in Anderson,[[1]] there is no liability to third persons for injuries caused by the tenant's dog. See generally, 81 A.L.R.3d 638, Landlord's Liability to Third Person For Injury Resulting From Attack By Dangerous Or Vicious Animal Kept By Tenant. If a landlord does have actual knowledge and also has the ability to remove or abate the hazard posed by the dog, then liability may exist. See Vasques v. Lopez, 509 So.2d 1241 (Fla. 4th DCA 1987). We are not prepared to say, as appellant requests, that any dog with a trace of pit bull ancestry is under the law deemed vicious.
Having concluded that the summary judgment was correctly entered, we need not reach the alternative contention that the landlords had appropriately discharged their duties in that the tenant's house and fenced back yard were adequate to safely house the dog. See Kilpatrick v. Sklar, 548 So.2d 215, 218 (Fla. 1989).[2]
Affirmed.
NOTES
[1] Anderson v. Walthal, 468 So.2d 291 (Fla. 1st DCA 1985).
[2] Appellees also contend that any duty on the part of the landlord would not extend to a person using the public sidewalk in front of the demised premises. We agree with appellant that the issue was not raised by the motion for summary judgment and is not properly before us.