LEHAN, Judge.
Defendant appeals from a final judgment for damages for injuries inflicted upon plaintiff by a pit bulldog. Defendant was the owner of the premises but not of the dog. The dog was owned by a tenant who had abandoned the premises, leaving the dog. Of the various points defendant raises on appeal, we address and find merit in one and reverse and remand for a new trial.
Defendant contends that the trial court erred in ruling as a matter of law that plaintiff was an invitee on the premises rather than an uninvited licensee or a trespasser to whom a lesser duty is owed. Under the terminology of Wood v. Camp, 284 So.2d 691 (Fla.1973), which defendant relies upon, the distinction is between the status on the premises of a person who is an expressly or impliedly invited licensee, on the one hand, and a person who is on the premises as an uninvited licensee or a trespasser. There was evidence that plaintiff in this case came on the premises at the apparent invitation of two women who were former girlfriends of the tenant, did not reside on the premises, had apparently resided with the tenant on the premises at various times in the past, and on the day of the incident had temporarily returned to the premises to retrieve personal belongings of one of them. Whether or not under *432 the evidence plaintiff was an invitee or an invited licensee, or, on the other hand, was a trespasser or an uninvited licensee was a question of fact for the jury to decide. See Singer v. Borbua, 497 So.2d 279 (Fla. 3d DCA 1986); Lynch v. Brown, 489 So.2d 65 (Fla. 1st DCA 1986); Pedreira v. Silva, 468 So.2d 1073 (Fla. 3d DCA 1985); Medina v. 187th Street Apartments, Ltd., 405 So.2d 485 (Fla. 3d DCA 1981).
If plaintiff was an invitee, or an invited licensee, principles would then be applicable which govern liability on the part of the owner of premises on which injuries are inflicted by a dog owned by another. See Anderson v. Walthal, 468 So.2d 291, 295 (Fla. 1st DCA 1985); Christie v. Anchorage Yacht Haven, Inc., 287 So.2d 359, 360 (Fla. 4th DCA 1973). See also, e.g., Olave v. Howard, 547 So.2d 349 (Fla. 3d DCA 1989); Bessent v. Matthews, 543 So.2d 438 (Fla. 1st DCA 1989); Vasques v. Lopez, 509 So.2d 1241 (Fla. 4th DCA 1987).
Reversed and remanded for a new trial.
CAMPBELL, C.J. and SCHEB, J., concur.