PETERSON, Chief Judge.
Judy Calhoun appeals the final summary judgment entered in favor of her sister, Susan Brundon. Calhoun, a visitor in her sister’s home, sought damages for injuries sustained when she stepped into a hole in the floor of Brandon’s residence. We reverse because there remains an issue of fact which precludes summary judgment at this stage of the proceedings.
The facts of this case involve an odd series of events. Calhoun had injured her foot earlier in the day while visiting the residence of Sherry Hays, another sister, when she slipped on a piece of plywood covering a hole in the floor in the kitchen. The plywood moved and this caused her leg to drop into the hole. At first she thought she was uninjured, but later, when her discomfort failed to abate, she walked next door to the residence of the other sister, Susan Brandon, and asked her for a ride to the hospital. When Calhoun entered Brandon’s home, her sister was laying floor tile in her living room. The living room couch had been moved somewhat into the entry area of the room and Brandon was on the other side of the couch. Brandon consented to transporting her sister, but shortly thereafter, Brandon’s deaf, two-year-old daughter picked up a screwdriver and started to ran down the hall with it. In response, Calhoun ran after the child, rounded the couch and stepped into a hole for an air duct, a hole which was exposed because Brandon had removed the vent cover to install the tile. Calhoun later testified in her deposition that as she was running, she was looking at the screwdriver and the girl, and that “I wasn’t looking down. I — I didn’t pay attention.”
Calhoun then sought damages from Brandon for the second incident.[1] Brandon argued that Calhoun’s accident was not the result of negligence by Brandon, “but instead was an unforeseeable event which was the result of actions of a two-year-old deaf child who picked up a screw driver and ran across the floor of the mobile home.” In her motion, Brandon submitted that the record evidence failed to establish a duty to warn ór a breach of such a duty since Brandon was simply putting down floor tile as her sister waited for her at the front door to be taken *101 to the hospital. In this appeal Brundon asserts:
[the] record is R. devoid of any evidence the Plaintiff was going to be walking in the area of the vent or in any way would expose herself to even the remote possibility of falling into the floor vent had it not been for the actions of a two-year-old deaf child, which themselves were an active and intervening cause that brake [sic] the chain of causation.
We disagree that the actions of the child were the active and efficient intervening cause of Calhoun’s injuries. Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520 (Fla.1980). The child certainly was a distraction but clearly the accident would never have occurred had the hole not been left exposed, a danger of which Calhoun was not warned.
In Pedreira v. Silva, 468 So.2d 1073 (Fla. 3d DCA 1985), the plaintiff, a relative of the defendant, went to the defendant’s house to deliver a message. The defendant’s wife told the plaintiff that the defendant was in the rear of the house. As the plaintiff proceeded to the back of the house, he tripped on a toy train set which had been placed in front of a glass door by the defendant a few days earlier. The plaintiff slipped and fell into a sliding glass door. The district court, in reversing a directed verdict entered in favor of the property owner, found that on the facts presented, sufficient evidence existed for a jury to determine “whether plaintiff was an invitee on defendant’s premises, and whether defendant or any member of his family breached a duty to maintain the premises in a reasonably safe condition or to warn of dangers of which the landowner should have reasonably been aware.” Pedreira, 468 So.2d at 1074-75. In the instant case, as in Pedreira, a jury question exists as to whether Brundon had a duty to warn Calhoun of the dangerous condition that existed in her home.
The summary final judgment is vacated and the cause remanded for further proceedings.
JUDGMENT VACATED; CAUSE REMANDED.
GRIFFIN and THOMPSON, JJ., concur.

. Calhoun also sought damages from Alfred J. Wedda and Gertie F. Wedda, the owners of the mobile home leased to Sherry Hays, the other sister. This appeal involves only the judgment granted to Brundon.