PER CURIAM.
Nohra Rosseau (“Rosseau”) appeals an adverse summary judgment entered in favor of Israel Fintz (“Fintz”). We reverse, because there is a genuine issue of material fact as to whether Fintz, a landlord, knew, or should have known, of the vicious propensity of a dog that bit Rosseau.
Fintz owned a duplex which he leased to tenants Wilfred and Dorothy Gayle (“tenants”). The tenants’ lease agreement prohibited pets without Fintz’s written consent. Although the tenants never obtained such consent, they maintained two dogs on the property for protection. The dogs were usually kept outside chained to a tree.
Three years after the lease agreement was entered into, the tenants were visited by Rosseau. Rosseau had sold crafts to one of the tenants, and went to the premises to collect her money. While she was in the yard, one of the dogs apparently broke free from its chain and bit her. Rosseau brought suit against Fintz seeking damages for the injuries to her leg and upper left arm. Fintz subsequently filed a motion for summary judgment arguing there was no evidence he knew or should have known of the dog’s vicious propensity.
At the hearing on the motion, Ros-seau argued Fintz knew about the dogs because their presence was obvious. Rosseau pointed out that there were “Bad Dog” signs which were evident and visible. Moreover, Fintz’s father, who acted as manager of the property, frequently visited the duplex to collect the rent and often visited the area where the dogs were kept.
According to Fintz, the signs were not posted until after the lawsuit was filed. Pri- or to the incident, the dogs had never bitten anyone else, and there were no complaints that the dogs might be vicious. The trial court agreed that Fintz was not aware of the dog or its vicious nature and granted the motion based on Olave v. Howard, 547 So.2d 349 (Fla. 3d DCA 1989).
It is well settled that a landowner is liable for injuries to business invitees and licensees, such as invited salespersons and letter carriers, for injuries caused by latent or concealed perils that are known or should be known to the landowner. See La Villarena, Inc. v. Acosta, 597 So.2d 336 (Fla. 3d DCA 1992); Pittman v. Volusia County, 380 So.2d 1192, 1193 (Fla. 5th DCA 1980); Schwartz v. Selvage, 203 Neb. 158, 277 N.W.2d 681 (1979). Thus, a landlord may be liable for injuries resulting from an attack by a tenant’s dog, if the landlord knew, or should have known that the tenant kept a vicious dog on the premises, and the landlord had the ability to control its presence. See Noble v. Yorke, 490 So.2d 29 (Fla.1986); Vasques By and Through Rocha v. Lopez, 509 So.2d 1241 (Fla. 4th DCA 1987); Ward v. Young, 504 So.2d 528 (Fla. 2d DCA 1987); *1354 Anderson v. Walthal, 468 So.2d 291 (Fla. 1st DCA 1985).
A landlord’s knowledge of a dog and its vicious propensity can be inferred from the circumstances, and can be imputed from the landlord’s agent. See Vasques, 509 So.2d at 1241 (finding sufficient evidence from which jury could determine landlord knew of vicious dog’s presence where the landlord’s sister frequently visited the tenants to collect the rent and “Bad Dog” signs were posted around the property); Anderson, 468 So.2d at 291 (knowledge by landlord’s agent that tenant’s dog once lunged at him imputed to landlord and created factual issue sufficient to overcome summary judgment as to whether landlord knew of dog and its vicious propensity). Here, there was evidence from which it could be inferred that Fintz knew about the dog directly, as well as evidence that could be imputed to Fintz through his father, who managed the property.
Olave indistinguishable because there was no evidence at all that the landlord had knowledge of the dog or its vicious propensity, aside from the mere fact that the dog had a trace of pit bull ancestry. Here, there are several questions of fact concerning Fintz’s actual or constructive knowledge of the dogs and their vicious propensities which remain unresolved.
Accordingly, there remain genuine issues of material fact as to whether Fintz knew or should have known of the presence of the dog that bit Rosseau and its vicious propensity. Therefore, we reverse the summary judgment entered in Fintz’s favor and remand for further proceedings consistent with this opinion. See Sanzare v. Varesi, 681 So.2d 785 (Fla. 4th DCA 1996); Ward, 504 So.2d at 528.
Reversed and remanded.