WELLS, Judge.
The Florida Department of Revenue appeals from an order granting a timely motion for rehearing and modifying an ar-rearage order. We affirm.
This appeal stems from a brief relationship between appellee, Jerrod Terry Mus-taf, a professional basketball player, and a married woman, Saytrenna Gould, which resulted in the birth of a child. In 1993, following paternity testing, Mustaf, then earning a seven figure income, was ordered to pay child support through the Central Depository. In early 2000, after Mustaf was injured and no longer able to play in the National Basketball Association, he and Gould agreed to reduce Mus-taf s support obligation. They also agreed that Mustaf could pay Gould directly.
In the meantime, Gould gave birth to a second child (fathered by another individual) and began collecting Ad to Families with Dependent Children benefits for both children. From the birth of the second child until she moved to Georgia in 1998, Gould collected $11,448 in AFDC benefits.
In September 2003, Gould provided an affidavit to the Family Division of the Circuit Court in which she represented that she and Mustaf had entered into a support modification agreement; that Mustaf was in compliance with that agreement and that no arrearage was owed; and that she no longer wanted to have child support paid through the Central Depository because Mustaf was paying her directly and she no longer lived in Florida. She also expressly consented to, and requested, closure of the Central Depository account “with a zero balance as of September 19, 2003,” because Mustafs “passport privileges have been denied as a result of the child support arrearage reflected in the Central Depository [and] ... [Mustaf] needs his passport in order to be able to travel to Europe so that he can earn a *572 living and pay the child support which we have agreed upon.” An order was entered correcting the Central Depository balance to reflect a zero balance and to permit future payments to be made directly to Gould. The court reserved jurisdiction to determine the amount “if any,” to be repaid to the State of Florida.
Thereafter, the Department of Revenue, “on behalf of the mother,” filed a motion to determine the amount of arrears owed to the State, alleging that Mustaf owed $11,448 as reimbursement for payments it had made to Gould “on behalf of the parties’ child.” Following a hearing before a hearing officer at which neither Mustaf nor his attorney appeared, an order was entered requiring Mustaf to pay $11,448 to the State. Three days after the order was filed, Mustaf moved for rehearing claiming that his attorney had failed to attend the hearing on the State’s motion because of the death of an immediate family member. He also requested modification of the ar-rearage order to reflect his obligation to reimburse the State for those sums paid to Gould for the benefit of his child and not for the full $11,448 paid by the State for both his and someone else’s child.
On June 2, 2004, a hearing was held in circuit court on Mustafs motion. Counsel for Mustaf argued both why rehearing should be granted and, without objection from the State, why he should be obligated to reimburse the State only for those amounts paid by the State to Gould for the benefit of his, and not some other man’s, child. The State addressed both issues at length, conceding that the $11,448 it sought to recover from Mustaf was for benefits it had paid to Gould for both Mustafs and some other man’s child. The State also argued that it could not segregate the funds provided to Gould for only one child. The court granted Mustafs motion for rehearing and modified the pri- or arrearage order obligating Mustaf to reimburse the State for only one half of the amount it had paid to Gould.
The State appeals from this order claiming that Mustafs failure to provide the circuit court with a copy of the transcript from the previous hearing violated rule 12.491 of the Family Law Rules, thereby mandating a two-part proceeding under rule 1.540 (part one to determine whether the original order should be vacated, part two a retrial on the merits). We disagree.
Rule 12.491, which permits any party affected by a child support enforcement order to file a motion to vacate such an order, requires only that a record “substantially in conformity with this rule,” be provided to the court by the party seeking review. Fla. Fam. L.R.P. 12.491(f), (h) (emphasis added). This rule also states that the record “shall consist of the court file, including the transcript of the proceedings before the hearing officer, if filed ....” Fla. Fam. L.R.P. 12.491(h)(l)(em-phasis added).
In the instant case, no transcript of the proceedings before the hearing officer was filed and it does not appear that it was either necessary or important to the issues raised to do so. Mustaf did not contest the factual basis for the earlier order but sought only to advise the court of a single undisputed additional fact regarding his paternity of only one of the two children involved, a fact which, for good reasons, he did not get to present at the earlier hearing. Under the circumstances, we cannot agree that the record did not substantially comply with the mandates of rule 12.491 nor can we discern any error in the procedure utilized, especially since the State raised no objection below to either proceeding without a transcript or to proceeding under rule 12.491.
*573 We also cannot agree with the State’s contention that the order is without evidentiary support. The undisputed facts are that the State paid a total of $11,448 in AFDC benefits to Gould for two children; that Mustaf is legally obligated to support only one of those children; and that the State could not allocate the $11,448 paid between the two children. Under the circumstances, we cannot conclude that the $5774 awarded (which is one half of the $11,448 paid) is without evidentiary support.
Although the parties engaged in substantial argument below regarding the State’s entitlement to recoup from Mustaf the entire amount of the AFDC benefits paid, even if made in part for a child not belonging to him, the State raises no challenge here regarding the trial court’s authority to order Mustaf to reimburse the State for less than the total amount it paid to Gould. We therefore decline to address the issue. See Fla. Emergency Physicians-Kang and Assocs., M.D., P.A. v. Parker, 800 So.2d 631, 636 (Fla. 5th DCA 2001) (refusing to address an issue and stating “[I]n order to obtain appellate review, alleged errors relied upon for reversal must be raised clearly, concisely, and separately as points on appeal”)(quoting Singer v. Borbua, 497 So.2d 279, 281 (Fla. 3d DCA 1986)); State Comprehensive Health Ass’n. v. Carmichael, 706 So.2d 319, 321 (Fla. 4th DCA 1997) (same).
Accordingly, we affirm.