CORRECTED OPINION

ROTHENBERG, Judge.
Upon the court’s own motion, we withdraw our previously issued opinion, filed on March 15, 2006, and substitute the following opinion.
In this consolidated appeal, Luis G. Martinez (Father) appeals an order denying his motions (1) to vacate a final judgment on attorney’s fees and costs and (2) to vacate an order adopting the hearing officer’s recommendation recalculating child support. We affirm.
In 1999, a Final Judgment of Paternity was issued, setting forth child support obligations which were agreed upon by the Father and Silvia M. Rodriguez, the mother (Mother). In 2002, the Mother filed a petition for modification of child support and a motion for contempt, enforcement, and other relief, and the trial court referred the matter to a hearing officer. Based on the testimony and documents she reviewed, the hearing officer prepared a report recommending that the total minimum child support needed for the child was $1,453.00 per month and that the Father should be responsible for 81% of that amount, equaling $1,160.48. She found that the cost of attending private school was $600.00 per month, that this expense was a component of child support, and that the Father was also responsible for 81% of this expense, equaling $468.00, making the Father’s total child support obligation $1,646.48 a month. She found that the Father’s corporation made health insurance available to the Father and daughter at no cost to the Father, and that the Mother had incurred $18,450.00 in attorney’s fees and $5,157.18 in costs.
The trial court ratified and approved the hearing officer’s report in an order dated October 8, 2003, and on October 20, 2003, the Father filed his first motion to vacate. In the Father’s first motion to vacate, he argued that (1) the hearing officer erred by failing to credit the father for the support he was providing to his other child and his wife; (2) the hearing officer erred by failing to credit the Father for the medical insurance paid by him for the child; (3) the hearing officer lacked jurisdiction to award attorney’s fees; and (4) the amount attributed by the hearing officer for the cost of private school is unsupported by the evidence. On December 2, 2003, the trial court entered an order on the Father’s motion to vacate, which sustained the father’s objection to the hearing officer’s failure to credit the Father for the support that he provided to his other child, and remanded to the hearing officer to recalculate child support by deducting $457.00 per month from the Father’s gross income. The trial court denied the Father’s other objections.
Having denied the Father’s objection that the hearing officer lacked jurisdiction to award attorney’s fees, the trial court entered a “Final Judgment on Attorney’s Fees and Costs” on February 13, 2004.
On March 12, 2004, the Father filed a second motion to vacate, arguing as he did in his first motion to vacate, that the hearing officer lacked jurisdiction to hear the matter of attorney’s fees and costs absent his consent. On March 18, 2004, the trial court denied this motion, and this is the first order under appeal.
In accordance with the trial court’s remand, the hearing officer conducted a hearing and recalculated the Father’s support obligation, taking into consideration the support he was providing for another child, and on February 27, 2004, the hearing officer entered a report recommending *95 that the Father pay $1,555.69 per month in child support. On March 2, 2004, the trial court ratified and approved the hearing officer’s report and entered an order regarding the Father’s support obligations.
Thereafter the Father filed another motion to vacate, which we will identify as his third motion to vacate. This motion is not contained in the record, but it is referred to by the trial court in its June 2, 2004 order denying the motion. The trial judge refers to this motion as a “Motion to Vacate ‘Order Upon Recommended Order of Hearing Officer Recalculating Father’s Child Support Obligation.’ ” The June 2, 2004 order denying this motion is the second order under appeal. The sole issue raised in this order is the constitutionality of Rule 12.491 of the Florida Family Law Rules of Procedure, which does not provide for a mechanism for a party to object to a referral to a hearing officer regarding child support matters.
In the brief filed by the Father in these two consolidated appeals, he raises four grounds. Only one of the issues argued in the brief, however, relates to the orders under appeal and therefore is the only issue properly before us. The four arguments raised in the Father’s brief are as follows:
I. THE TRIAL COURT ERRED IN FINDING THAT THE FATHER WAS RESPONSIBLE FOR 100% OF THE CHILD’S HEALTH INSURANCE COSTS WHERE FLORIDA STATUTES AND LAW DICTATE THAT THE COST MUST BE APPORTIONED BETWEEN THE PARENTS.
II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHERE IT MADE THE FATHER PAY FOR ADDITIONAL COSTS ASSOCIATED WITH ATTENDING PRIVATE SCHOOL AND DID NOT MAKE A WRITTEN FINDING CONSISTENT WITH FLA. STAT. § 61.30.
III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO GIVE A WRITTEN EXPLANATION AS TO WHY THE FATHER’S CHILD SUPPORT OBLIGATION VARIED BY MORE THAN 5% FROM THE GUIDELINE AMOUNT.
IV. THE HEARING OFFICER DID NOT HAVE THE JURISDICTION TO AWARD ATTORNEY’S FEES WHERE THE FATHER DID NOT CONSENT TO HER DOING SO.
The first order under appeal is a final judgment on attorney’s fees and costs. We therefore conclude that the Father’s fourth argument, wherein he asserts that the hearing officer did not have jurisdiction to award fees and costs, is properly before us. The second order under appeal is the trial court’s June 2, 2004 order denying the Father’s second motion to vacate, entitled “Motion to Vacate ‘Order Upon Recommended Order of Hearing Officer Recalculating Father’s Child Support Obligation.’ ” In this order, the trial judge specifically notes that the Father was not challenging the findings of the hearing officer. What he was challenging was the constitutionality of Rule 12.491. As the order under review only involves the Father’s constitutional challenge to Rule 12.491, we conclude that arguments one through three of the Father’s brief, which do not relate to either of the orders under appeal, are not properly before this court. See Saye v. Pieschacon, 750 So.2d 759, 761 (Fla. 1st DCA 2000)(finding that an appellant was precluded from raising an issue on appeal regarding the denial of a motion for new trial because the notice of appeal, invoking the appellate court’s jurisdiction over the appeal, indicated only that appellant *96 was appealing from the trial court’s order awarding attorney’s fees and costs, not the trial court’s order denying the motion for new trial); see also Cobb v. St. Joseph’s Hosp., Inc., 550 So.2d 1, 2 (Fla. 2d DCA 1989)(denying an untimely motion to amend a notice of appeal to add a reference to a summary judgment entered in favor of a second defendant when the original notice only referred to a separate summary judgment entered in favor of the other defendant, because the original notice of appeal was not sufficient to put the second defendant on notice that the summary judgment, against it was being appealed, explaining that “[t]he general test for sufficiency of a notice of appeal is whether the notice of appeal gives sufficient information to determine, with a reasonable degree of certainty, the order being appealed”). As the Father’s brief contains no argument regarding the constitutionality of Rule 12.491, we conclude that that issue has either been abandoned or waived. The sole issue properly before us is, therefore, whether the hearing officer had jurisdiction to award attorney’s fees and costs in this case.
The Father argues that the hearing officer erred in considering the issue of attorney’s fees and costs and the trial court erred in adopting the hearing officer’s recommendation in that regard, because he did not consent to the hearing officer’s consideration of the issue. While there is support for the Father’s position, see Ferencz v. Ferencz, 897 So.2d 558 (Fla. 2d DCA 2005); Oliveri v. Oliveri, 541 So.2d 174 (Fla. 4th DCA 1989), we need not decide that issue, as we conclude that the Father waived any objection to the hearing officer’s consideration of the matter by failing to object when it was addressed. Consent to a hearing officer deciding a specific matter need not be express, and the failure to timely object constitutes a waiver of the right to object to a referral which the hearing officer has already completed. Cox v. Cox, 490 So.2d 1051, 1052 (Fla. 4th DCA 1986). When the Mother’s counsel testified as to her fees at the hearing before the hearing officer, the Father did not object to the hearing officer’s jurisdiction to hear this issue. The father’s failure to object at the hearing constitutes a waiver, to which he may not now complain.
Accordingly, the orders on appeal in this case are affirmed.
Affirmed.