# Third District Court of Appeal

## State of Florida

Opinion filed March 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0687
Lower Tribunal No. 17-7498-FC-04
_____

**Samuel Lee Smith, Jr.,**
Appellant,

vs.

**Natasha Katherina Smith,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jason E. Dimitris, Judge.

Samuel Lee Smith, Jr., in proper person.

Alexander Appellate Law P.A. and Samuel Alexander (DeLand), for appellee.

Before LOGUE, C.J., and MILLER and BOKOR, JJ.

MILLER, J.

In this child support dispute, appellant, Samuel Lee Smith, Jr., the father, appeals from a final judgment awarding arrearages to appellee, Natasha Katherina Smith, the mother, for the benefit of their sixteen-year-old son. The assertion of error on appeal is twofold. The father first contends the trial court abused its discretion in denying his eleventh-hour oral motion for continuance, and he secondarily asserts that referring the case to a child support enforcement hearing officer was improper. We affirm.

Having carefully reviewed the basis for continuance in the context of this heavily litigated dispute, we find no abuse of discretion in the denial of the motion. See Krock v. Rozinsky, 78 So. 3d 38, 41 (Fla. 4th DCA 2012) ("The standard of review of a trial court's denial of a motion for continuance is abuse of discretion."); Cargile-Schrage v. Schrage, 908 So. 2d 528, 529 (Fla. 4th DCA 2005) ("A denial of a continuance should not be reversed unless there has been an abuse of discretion clearly appearing in the record."); Fry v. Fry, 255 So. 3d 873, 875–76 (Fla. 4th DCA 2018) (holding trial court did not abuse its discretion in denying continuance when it did not create injustice for the movant).

As to the latter assertion, we discern no procedural error. Casting aside the fact that Florida Family Law Rule of Procedure 12.491 provides no mechanism for objecting to the referral of a hearing officer regarding child

support matters, here, the father raised no objection below.  See State Dep't of Revenue ex rel. Gould v. Mustaf, 919 So. 2d 570, 572 (Fla. 3d DCA 2006) ("Under the circumstances, we cannot agree that the record did not substantially comply with the mandates of rule 12.491 nor can we discern any error in the procedure utilized, especially since the State raised no objection below to either proceeding without a transcript or to proceeding under rule 12.491."); Martinez v. Rodriguez, 927 So. 2d 93, 96 (Fla. 3d DCA 2006) ("Consent to a hearing officer deciding a specific matter need not be express, and the failure to timely object constitutes a waiver of the right to object to a referral which the hearing officer has already completed.").

Finally, to the extent the father contends any credits are "forever barred," the trial court sagaciously reserved jurisdiction in the final judgment to grant any necessary post-decretal relief.  Accordingly, we affirm the final judgment under review in all respects.

Affirmed.