353 So.2d 168 (1977)
TINY'S LIQUORS, INC., Appellant,
v.
Paul DAVIS, Appellee.
No. 76-1300.
District Court of Appeal of Florida, Third District.
December 6, 1977.
Rehearing Denied January 9, 1978.
Corlett, Merritt, Killian & Sikes, Greene & Cooper, Miami, for appellant.
Horton, Perse & Ginsberg and Arnold R. Ginsberg, Brumer, Moss, Cohen & Rodgers, Miami, for appellee.
Before PEARSON, HUBBART and KEHOE, JJ.
KEHOE, Judge.
Appellant, defendant below, brings this appeal from a final judgment and cost judgment entered in favor of appellee, plaintiff below, after a jury trial on the issue of whether appellant, pursuant to allegations in the complaint of respondeat superior and negligent hiring and retention, was liable to appellee for personal injuries caused by appellant's employee who purposely set appellee on fire. The jury returned a general verdict in favor of appellee and the trial court entered the judgments appealed. It is contended on appeal that the trial court erred by denying appellant's motion for a directed verdict because there was insufficient evidence to raise a jury question on the issues of respondeat superior and the negligent hiring and retention raised by the complaint. Also, appellant contends that the trial court erred in entering the cost judgment, predicated on the final judgment, in favor of appellee. We have considered all of the points raised by appellant and have concluded that they are without merit. Therefore, the judgments entered by the trial court are affirmed.
As set forth above, appellee advanced two theories in his complaint for recovery against appellant, i.e., respondeat superior and negligent hiring and retention, for the actions of its employee who purposely set fire to appellee, causing him serious bodily injuries. During the jury trial of this cause, appellant moved for a directed verdict both at the close of appellee's case and at the close of all the evidence. The basis of appellant's motions for a directed verdict was that the evidence was insufficient to raise a jury question on either of the theories alleged by appellee for recovery. *169 These motions were denied, the jury returned a general verdict in favor of appellee, and the trial court entered the final judgment and cost judgment which appellant appeals.
Motions for directed verdicts, judgments in accordance with motions for directed verdicts upon which rulings have been withheld and judgments notwithstanding the verdict all share the following rules as to their application by the trial court and on review by an appellate court. They should be cautiously granted and then only when it can be said, after reviewing the evidence and testimony in the light most favorable to the non-moving party, that a jury could not reasonably differ as to the existence of a material fact or a material inference and that the movant is entitled to a judgment as a matter of law. Put another way, such motions should not be granted when there is any reasonable evidence upon which a jury could legally predicate a verdict in favor of the non-moving party. McCabe v. Watson, 225 So.2d 346 (Fla.3d DCA 1969); Chowning v. Pierce, 174 So.2d 42 (Fla.3d DCA 1965); and Deese v. White Belt Dairy Farms, Inc., 160 So.2d 543 (Fla.2d DCA 1964). Further, in testing a motion, the movant admits all of the facts shown in the evidence and admits to every reasonable inference favorable to the adverse party. Lupoletti v. Miller, 269 So.2d 67 (Fla.4th DCA 1972); and National Bank of Melbourne & Trust Company v. Batchelor, 266 So.2d 185 (Fla.4th DCA 1972). In light of these principles, we have reviewed the record and have concluded that, although the evidence was insufficient to raise a jury question on the issue of respondeat superior, the evidence was sufficient to raise a jury question on the issue of the negligent hiring and retention by appellant of its employee who injured appellee. Therefore, the trial court improperly denied appellant's motion for a directed verdict as to the issue of respondeat superior; however, the trial court properly denied appellant's motion for a directed verdict on the issue of negligent hiring and retention. Regardless of the improper denial of appellant's motion for a directed verdict on the one issue of respondeat superior, where, as here, a case goes to the jury on two theories and the evidence supports one of the theories, the verdict should be affirmed. Moore v. St. Cloud Utilities, Inc., 337 So.2d 982 (Fla. 4th DCA 1976); Hester v. Gatlin, 332 So.2d 660 (Fla.2d DCA 1976); Cicerco v. Paradis, 184 So.2d 212 (Fla.2d DCA 1966); and Berkman v. Miami National Bank, 143 So.2d 535 (Fla.3d DCA 1962).
For the reasons set forth above, the final judgment entered by the trial court is affirmed. In light of this decision, we further determine that the trial court properly entered the cost judgment in favor of appellee. Therefore, both judgments are affirmed.
Affirmed.
PEARSON, J., concurs in the decision to affirm only.