674 So.2d 162 (1996)
CARROUSEL INTERNATIONAL CORPORATION and Ellis Goodman, Appellants/Cross-appellees,
v.
AUCTION COMPANY OF AMERICA, INC., Appellee/Cross-appellant.
No. 94-1845.
District Court of Appeal of Florida, Third District.
May 1, 1996.
Rehearing Denied June 12, 1996.
Floyd Pearson Richman Greer Weil Brumbaugh & Russomano, Gerald F. Richman and Robert J. Borrello; Shutts and Bowen and Richard M. Leslie, Miami, for appellant/cross-appellee Carrousel International Corporation.
Ellis Goodman, in pro. per.
Brenner & Dienstag and Bret Clark, Miami, for appellee/cross-appellant.
Before SCHWARTZ, C.J., and LEVY and GODERICH, JJ.
PER CURIAM.
The defendants, Carrousel International Corporation [Carrousel] and its president, Ellis H. Goodman [Goodman], appeal from an adverse final judgment and from the denial of their motions for directed verdict and for a new trial. As to defendant Goodman, we reverse; but as to defendant Carrousel, we affirm, in part, and reverse, in part. Additionally, the plaintiff, Auction Company of America, Inc., cross-appeals from the trial court's ruling granting a directed verdict in favor of defendant Goodman on the breach of contract count. We affirm.
Defendant Goodman contends that the trial court erred, as a matter of law, by denying his motion for directed verdict on the plaintiff's count for fraudulent misrepresentation. We agree.
"[Motions for directed verdicts] should be cautiously granted and then only when it can be said, after reviewing the evidence and testimony in the light most favorable to the non-moving party, that a jury could not reasonably differ as to the existence of a material fact or a material inference and that the movant is entitled to a judgment as a matter of law." Tiny's Liquors, Inc. v. Davis, 353 So.2d 168 (Fla. 3d DCA 1977).
In the instant case, when reviewing the evidence presented at trial in the light most favorable to the plaintiff, the jury could not have lawfully found against Goodman on the plaintiff's theory of fraudulent misrepresentation where the record shows that the plaintiff knew about the false misrepresentation before it incurred any expenses in reliance upon that misrepresentation. Yanks v. Barnett, 563 So.2d 776, 777-78 (Fla. 3d DCA 1990), review denied, 576 So.2d 295 (Fla. *163 1991) ("In order for a plaintiff to prevail on a claim for fraudulent misrepresentation, he must prove that: (1) the defendant knowingly made a false statement; (2) the false statement was material; (3) the person making the false statement made the statement with the intent that the representation would induce another to act on it; and (4) the plaintiff was injured as a result of relying on the false statement."). On this basis, we conclude that Goodman was entitled to judgment as a matter of law on the fraudulent misrepresentation count. Accordingly, we reverse and set aside that portion of the final judgment finding Goodman liable for fraudulent misrepresentation and awarding the plaintiff $68,000 in punitive damages.
Next, defendant Carrousel argues in its brief that the trial court abused its discretion by denying its motion for a new trial on compensatory damages resulting from the breach of contract claim where the damages awarded were against the manifest weight of the evidence and contrary to the terms of the underlying contract and its addendum. Subsequently, at oral argument, however, Carrousel properly conceded that a remittitur would be appropriate, and we agree.
In the instant case, the jury returned a verdict finding Carrousel liable for breach of contract and awarding the plaintiff $332,000 in compensatory damages. This amount of compensatory damages is not supported by the evidence where the only evidence presented at trial showed that the terms of the underlying contract and its addendum provided for a commission of $250,000 and for reimbursement of expenses up to $50,000 ($25,000 of which Carrousel has already paid to the plaintiff), for a total of $275,000 in compensatory damages.[1] Since the evidence presented at trial only supports an award of $275,000, we find that a remittitur is appropriate. See also S & S Toyota, Inc. v. Kirby, 649 So.2d 916, 921 (Fla. 5th DCA 1995) (upholding a remittitur where the plaintiff failed to establish evidentiary support for the jury's award of $15,000); Sprayberry v. Sheffield Auto and Truck Serv., Inc., 422 So.2d 1073, 1075 (Fla. 1st DCA 1982), review dismissed, 427 So.2d 738 (Fla.1983) (finding that a remittitur was proper where there was no competent evidence presented as to the difference in value between the equipment actually received by the plaintiffs and the equipment that they were allegedly entitled to receive). Therefore, we affirm that portion of the final judgment finding Carrousel liable for breach of contract and reverse that portion of the final judgment awarding the plaintiff $332,000 in compensatory damages with directions for the trial court to enter an order granting a remittitur and awarding the plaintiff $275,000 in compensatory damages.
Lastly, we find that the remaining points raised on appeal by the defendants and on cross-appeal by the plaintiff lack merit.
Accordingly, as to defendant Goodman, we reverse; and as to defendant Carrousel, we affirm, in part, reverse, in part, and remand with directions for the trial court to enter an order consistent with this opinion.
NOTES
[1] In its brief, the defendant, Carrousel, properly concedes that $275,000 is the maximum amount that it can be liable for in compensatory damages on the breach of contract claim.