907 So.2d 1239 (2005)
ENTERPRISE LEASING COMPANY, Appellant,
v.
Rene SOSA, etc., et al., Appellees.
Nos. 3D04-242, 3D03-2296.
District Court of Appeal of Florida, Third District.
July 20, 2005.
Rehearing Denied August 19, 2005.
*1240 Gaebe, Mullen, Antonelli, Esco, Dimatteo, Coral Gables, and Joel V. Lumer, Miami; and Adams & Adams, and Brian Davis, for appellant.
Ginsberg and Schwartz, and Arnold R. Ginsberg, Miami, for appellees.
Before GREEN and RAMIREZ, JJ., and SCHWARTZ, Senior Judge.
RAMIREZ, J.
Enterprise Leasing Company appeals the trial court's $227,000.00 amended final judgment entered against Enterprise. Enterprise also appeals the trial court's $6,000.00 final cost judgment entered against it. We affirm both final judgments.
*1241 Rene Sosa, as personal representative of the estate of Marco Antonio Roman, the deceased, filed an action against Enterprise for wrongful death arising out of an automobile accident occurring in Lakeland, Florida in August of 2000. Sosa sought recovery on behalf of the minor children of the deceased and on behalf of the mother of one of the children, who was married to the deceased when he died.
The parties stipulated that Enterprise owned a Dodge pickup truck and that Juan Correa was operating the truck with Enterprise's permission on Florida State Road 471 on the date in question. Roman was a passenger in the truck.

I. DIRECTED VERDICT
Enterprise first contends that the trial court erred in failing to direct a verdict for Enterprise on the issue of liability. We disagree. Motions for directed verdict should be cautiously affirmed only when it can be said that after viewing the evidence and testimony in a light most favorable to the non-moving party that a jury could not reasonably differ as to the existence of a material fact or material inference and that the movant is entitled to judgment as a matter of law. See Carrousel Intern. Corp. v. Auction Co. of America, Inc., 674 So.2d 162 (Fla. 3d DCA 1996). Furthermore, in testing the motion, the movant must admit to all of the facts in the evidence and must further admit to every reasonable inference favorable to the non-moving party. See Tiny's Liquors, Inc. v. Davis, 353 So.2d 168, 169 (Fla. 3d DCA 1977).
In the instant case, the facts presented, with all inferences drawn in favor of the plaintiff, allow for a finding of negligence. The testimony indicates that on the day of the accident, it was raining. Enterprise's vehicle began to fishtail, and the driver did not have the vehicle under control. The vehicle crossed the center line and collided with an oncoming vehicle, causing Roman's death. These established facts, along with all the inferences drawn in favor of the plaintiff, the party moved against, are sufficient for a finding of negligence.
In addition, even without the testimony of an eyewitness to an event, circumstantial evidence is sufficient to support a jury finding as to a particular fact. See Majeske v. Palm Beach Kennel Club, 117 So.2d 531, 533 (Fla. 2d DCA 1960). Accordingly, the trial court did not err in denying Enterprise's motion for directed verdict on liability and in allowing the issue of negligence to go to the jury.

II. PLAINTIFF'S CLAIM FOR NET ACCUMULATIONS, SERVICES, AND SUPPORT
Turning to Enterprise's second point on appeal, that the trial court erred in refusing to strike plaintiff's claim for net accumulations, services and support, we also disagree. This case involves Florida's Wrongful Death Statute. Section 768.18, Florida Statutes (2000), lists who may recover for wrongful death actions in Florida, as well as what they can recover. Under the Wrongful Death Statute, there is no limitation on, or exclusion of, a decedent, his estate or survivors based on the legal status of the decedent or the beneficiaries. The Wrongful Death Act, Sections 768.16-768.26, Florida Statutes (2000), contains detailed provisions, including definitions and detailed stipulations for the recovery of damages. To engraft an exception for illegal immigrants would be to encroach on the legislature's turf.
*1242 A court must interpret and construe a statute according to the precise language adopted by the legislature. See Florida Gulf Health Sys. Agency, Inc. v. Comm'n on Ethics, 354 So.2d 932 (Fla. 2d DCA 1978). In a state like Florida where such a large portion of our population is foreign-born, we can only assume that the legislature saw no need to deprive the survivors of the decedent from the benefits of the Act, particularly given its legislative intent: "to shift the losses resulting when wrongful death occurs from the survivors of the decedent to the wrongdoer." § 768.17, Fla. Stat. (2000). Such an express legislative intent would be frustrated if we were to allow the wrongdoer here to escape liability merely on the fortuitous legal status of the decedent. The legislature of course could make such a policy decision. We will not.
We find the cases cited by Enterprise, Sanango v. 200 East 16th Street Housing Corp., 15 A.D.3d 36, 788 N.Y.S.2d 314 (2004) and Balbuena v. IDR Realty LLC, 13 A.D.3d 285, 787 N.Y.S.2d 35 (2004),[1] to be inapplicable because they involve personal injury issues, which are not the issues involved in the case before us. The Florida Wrongful Death Statute clearly governs here. As such, the trial court did not err in refusing to strike plaintiff's claim for net accumulations, services and support.

III. EXPERT WITNESSES
Turning to Enterprise's next point on appeal, that the trial court abused its discretion in allowing plaintiff's expert witness to testify to his opinions on net accumulations, services and support, we believe there is no merit to this contention. The trial court decided that there existed a sufficient factual basis for the plaintiff's expert to give his opinion. The record reflects the expert used census statistics, as well as other statistical data. He also reviewed the testimonies of various witnesses. These testimonies constituted competent, substantial evidence upon which the jury based its award. Enterprise's contention concerns the weight to be given the evidence, as opposed to its admissibility. See Island Hoppers, Ltd. v. Keith, 820 So.2d 967 (Fla. 4th DCA 2002), disapproved of on other grounds by Sarkis v. Allstate Ins., 863 So.2d 210 (Fla.2003). Consequently, finding no abuse of discretion here, we affirm the trial court's ruling on this issue.
We further find that the trial court did not abuse its discretion in limiting the testimony of Enterprise's expert witness, John Mann. The testimony indicates that the trial court restricted Mann from commenting on the sufficiency or credibility of the plaintiff's evidence, from speaking about the plaintiff's evidence, and from commenting on the weight and sufficiency of the plaintiff's testimony. We find that these were proper restrictions. See Carver v. Orange Cty., 444 So.2d 452, 454 (Fla. 5th DCA 1983) (improper to impeach an expert witness by eliciting from another expert witness what he thinks of that expert). When Mann's testimony is read in full, it does not support a finding that his opinions were improperly limited.

*1243 IV. DEFENSE COUNSEL'S CLOSING ARGUMENT
Enterprise also contends that the trial court abused its discretion in sustaining objections to defense counsel's closing argument. Enterprise argues that its counsel was trying to explain to the jury other alternatives which could have been the cause of the subject vehicle crossing lanes to end up on the wrong side of the road. The record reveals that Enterprise's counsel was making argument based upon facts not in evidence. The trial court properly sustained the plaintiff's objection to the improper inferences being placed before the jury's consideration. See Riggins v. Mariner Boat Works, Inc., 545 So.2d 430 (Fla. 2d DCA 1989). Thus, the trial court did not abuse its discretion in restricting Enterprise's counsel. Furthermore, we note that even if Enterprise had established that this was error, it would also have to establish that this error was harmful. See § 59.041, Fla. Stat. (2004). However, we find that even had this point been an error, it constituted harmless error.

V. DONALD OAKLEAF'S TESTIMONY
The last issue raised by Enterprise is that the trial court allowed plaintiff to read to the jury the deposition of Donald Oakleaf who was driving a tractor trailer northbound on State Road 471, particularly testimony that Correa left the scene of the accident after Oakleaf told him to stay at the scene and sit on the shoulder of the road and that Correa was brought back to the scene of the accident by a Florida Highway Patrol officer. The trial court did not believe that this evidence had any impact on the jury's verdict, and thus did not grant a new trial. We agree, and after a careful review of the testimony, do not find that the trial court abused its discretion with regard to this issue. See Brown v. Estate of Stuckey, 749 So.2d 490, 497-98 (Fla.1999).

VI. CONCLUSION
Based on the foregoing, we affirm both final judgments under review in all respects.
NOTES
[1] In opposition to the cases relied upon by Enterprise, the plaintiff cites Madeira v. Affordable Housing Found., Inc., 315 F.Supp.2d 504 (S.D.N.Y.2004), where the United States District Court for the Southern District of New York held that despite the plaintiff's alien status in that personal injury case, he still had a right to lost earnings under New York Labor Law.