993 So.2d 588 (2008)
Ramses D. MORENO and Isabel Moreno, Appellants,
v.
Gaby J. SALEM, Appellee.
No. 4D07-4356.
District Court of Appeal of Florida, Fourth District.
October 29, 2008.
*589 Bernardo Roman III of Law Offices of Bernardo Roman III, Miami, for appellants.
Warren B. Kwavnick of Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., Fort Lauderdale, for appellee.
STONE, J.
The plaintiffs (Morenos), claiming automobile negligence, appeal a defense judgment entered after granting the defendant's (Salem's) motion for directed verdict. We reverse.
The facts are essentially undisputed. Both vehicles were traveling south on Interstate 75 on a rainy and windy afternoon. Morenos were traveling at a "normal speed" in their lane when Salem's car hit the right side of their vehicle, causing their car to spin and the two vehicles to collide again.
Salem testified that the weather conditions were "terrible," with the rain coming down in "sheets." He does not know his speed at the time, except that it was below the seventy mile per hour speed limit and was the same speed as the surrounding heavy traffic.
Salem decided to move from the left-most to the right-most lane in order to get away from traffic. As he entered the second lane, and before reaching the third lane, his car began to "fishtail" and to slide on the wet road into Morenos' vehicle. Salem asserts that prior to losing control, he hit some potholes obscured by the rain, stating:
I must have gone through pot holes. The car, the rear of the car swung out. I fishtailed. And the rear starts coming out to the right of me. So I immediately turned slightly to the right to keep the car going straight ... And I turned the wheel. And the car started going straight, but at an angle but because the road is wet and the wind was so much from the right, I started sliding down ever so slightly down into the next lane. And eventually unfortunately I ended up getting into the left-most lanes where the SUV was there. And I tapped into them.
Salem stated that he assumed that Morenos' vehicle was going straight in its lane, adding, "I never saw the SUV."
The trial court reserved ruling on the motion for directed verdict after Morenos' case and granted the motion when the defense rested, holding that there was no proof of Salem's negligence. We conclude that the evidence is sufficient to state a prima facie case of negligence and that it was error not to submit the issue to the jury.
Motorists have a duty to use reasonable care on the roadways to avoid accidents. Williams v. Davis, 974 So.2d 1052, 1063 (Fla.2007) (citing Bellere v. Madsen, 114 So.2d 619, 621 (Fla.1959) (stating that motorist has a duty to drive with reasonable care commensurate with the road and surroundings); Nelson v. Ziegler, 89 So.2d 780, 783 (Fla.1956) (stating that a driver has a duty to exercise reasonable care while driving on a public roadway)). Whether a defendant has exercised reasonable care under the circumstances is generally for the jury to decide. L.A. Fitness Int'l, LLC v. Mayer, 980 So.2d 550, 556-57 (Fla. 4th DCA 2008) (citing Whitt v. Silverman, 788 So.2d 210, 220 (Fla.2001)). Although not argued, we note that section 316.089, Florida Statutes, provides:
Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply:

*590 (1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made safely. [emphasis added]
We deem Enterprise Leasing Co. v. Sosa, 907 So.2d 1239 (Fla. 3d DCA 2005), analogous. Sosa was a wrongful death action brought by the personal representative of a passenger riding in a rental car. The jury returned a verdict in favor of the plaintiff/passenger, and the rental car company appealed. The Sosa court's comments and recitation of facts are, similarly, applicable here:
I. DIRECTED VERDICT
Enterprise first contends that the trial court erred in failing to direct a verdict for Enterprise on the issue of liability. We disagree. Motions for directed verdict should be cautiously affirmed only when it can be said that after viewing the evidence and testimony in a light most favorable to the non-moving party that a jury could not reasonably differ as to the existence of a material fact or material inference and that the movant is entitled to judgment as a matter of law. See Carrousel Intern. Corp. v. Auction Co. of America, Inc., 674 So.2d 162 (Fla. 3d DCA 1996). Furthermore, in testing the motion, the movant must admit to all of the facts in the evidence and must further admit to every reasonable inference favorable to the non-moving party. See Tiny's Liquors, Inc. v. Davis, 353 So.2d 168, 169 (Fla. 3d DCA 1977).
In the instant case, the facts presented, with all inferences drawn in favor of the plaintiff, allow for a finding of negligence. The testimony indicates that on the day of the accident, it was raining. Enterprise's vehicle began to fishtail, and the driver did not have the vehicle under control. The vehicle crossed the center line and collided with an oncoming vehicle, causing Roman's death. These established facts, along with all the inferences drawn in favor of the plaintiff, the party moved against, are sufficient for a finding of negligence.
In addition, even without the testimony of an eyewitness to an event, circumstantial evidence is sufficient to support a jury finding as to a particular fact. See Majeske v. Palm Beach Kennel Club, 117 So.2d 531, 533 (Fla. 2d DCA 1960). Accordingly, the trial court did not err in denying Enterprise's motion for directed verdict on liability and in allowing the issue of negligence to go to the jury.
Id. at 1241.
Here also the issue was for the jury.
We remand for a new trial.
WARNER and DAMOORGIAN, JJ., concur.