WARNER, J.
 

 Appellants challenge a final judgment awarding damages to Esther Dorleans and her daughter and husband totaling $1,442,636 for injuries sustained in an automobile accident. In their brief appellants claim that they owed no legal duty to the appellees, that the evidence did not support the jury’s finding of negligence, and that the evidence did not support the amount of damages awarded to the appel-lees. They make some further arguments regarding evidentiary issues. We conclude that all of the issues are without merit, as they were either not preserved or because competent substantial evidence supported the jury’s verdict.
 

 Briefly reciting the essential facts, Esther Dorleans and her daughter, Rachelle, were driving south on U.S. 27 on a dark evening when Dorleans struck a tow truck, driven by Kenneth Abbott and owned by appellee Westway Towing. At the time of the collision the tow truck was partially blocking the left travel lane of traffic, in which Dorleans was driving. The tow truck had responded to the scene of an accident and was removing a vehicle. A deputy was on the scene directing the action, and his police car was parked off the road, completely in the median, with its lights flashing. Dorleans did not avoid the accident and struck the rear of the tow truck.
 

 Following the accident, the Dorleans family sued Abbott and the towing company. Abbott and Westway claimed that Dorleans was herself negligent in failing to avoid the tow truck. A lengthy trial on both liability and damages ensued. On liability there was conflicting evidence on whether there were caution cones or road flares set up. Rachelle testified that there were none, whereas the tow truck driver said he put out cones. The deputy testified that he saw no cones. There was also conflicting evidence on whether Dorleans slowed down prior to striking the tow truck. Rachelle testified that she told her mother to slow down, and that Dorleans did slow down, but didn’t have time to avoid the tow truck; however, there was other testimony indicating that Dorleans did not slow down prior to striking the truck.
 

 The jury returned a verdict finding Dor-leans 10% at fault, the tow truck driver 35% at fault, and the deputy 55% at fault. After the verdict the defendants moved for a new trial and for remittitur of the damage award, but the trial court denied all motions. Abbott and Westway appeal the jury verdict, and the Dorleans family cross-appeals the inclusion of the deputy on the verdict form.
 

 Abbott and Westway both argue that they did not owe a legal duty to
 
 *986
 
 Dorleans. It does not appear from the record, however, that they raised the issue of the absence of duty to the court as a ground for judgment in their favor. Instead they referred to various statutes to argue their lack of negligence to the jury and for the deputy’s greater share of negligence. There is no motion to dismiss, motion for summary judgment, or motion for directed verdict in which they argued that they owed no duty as a matter of law. They cannot raise the absence of a legal duty for the first time on appeal.
 
 See Loranger By and Through Loranger v. State, Dep’t of Transp.,
 
 448 So.2d 1036 (Fla. 4th DCA 1983). In any event, while their claim of lack of a legal duty is based upon their interpretation of their statutory duty at the accident scene, Dorleans relied upon a common law duty to exercise reasonable care on the roadways.
 
 See, e.g., Moreno v. Salem,
 
 993 So.2d 588, 589 (Fla. 4th DCA 2008) (“Motorists have a duty to use reasonable care on the roadways to avoid accidents.”). Whether a defendant has exercised reasonable care on the roadways is generally a question for the jury to decide.
 
 Id.
 

 Abbot and Westway also argue that the verdict is contrary to the manifest weight of the evidence on the issue of negligence, pointing to the comparative negligence of Dorleans, whom they claim was entirely at fault in the accident. There was in fact conflicting evidence on several key evidentiary issues of negligence.
 
 Goldberg v. Florida Power & Light Co.,
 
 899 So.2d 1105, 1110 (Fla.2005), explains that in moving for a directed verdict every “reasonable conclusion which may be drawn from the evidence” must also be construed favorably to the non-moving party, and only where there is “no evidence upon which a jury could properly rely” in finding for that party should the motion for a directed verdict be granted. Based upon that standard, the trial court did not err in denying appellants’ motion for directed verdict. While we might have made a different decision had we been jurors, there was competent substantial evidence to support the verdicts.
 

 Although the appellants moved for remittitur of the damages, the trial court denied it. On appeal, they argue that the court erred in denying their motion. They also maintain that the damages were excessive and contrary to the manifest weight of the evidence. The standard of review of an order on motion for new trial is abuse of discretion.
 
 Reid v. Altieri,
 
 950 So.2d 518, 525 (Fla. 4th DCA 2007).
 

 In order to obtain a new trial on grounds that the verdict was excessive they were required to establish that “the verdict was so much greater than it should have been as to shock the judicial conscience” and that the jury was “influenced by passion or prejudice.”
 
 Weinstein Design Group, Inc. v. Fielder,
 
 884 So.2d 990, 1002 (Fla. 4th DCA 2004). Here, there was ample, although disputed, evidence to support the jury’s verdict. The jury awarded substantially less than the plaintiff requested in closing argument. While we might disagree with the amounts awarded by the jury, mere disagreement with a jury’s verdict will not suffice; a verdict is contrary to the manifest weight of the evidence only where the evidence is “clear, obvious, and indisputable.”
 
 Becker v. Williams,
 
 652 So.2d 1182, 1185 (Fla. 4th DCA 1995). The appellants have only pointed to one very small award which was slightly greater than the specific testimony at trial. We attribute this minor discrepancy to the jury rounding up the amount, which is not a ground for reversal.
 

 Of the remaining evidentiary errors raised by the appellants, none were prop
 
 *987
 
 erly preserved at trial.
 
 [1]
 
 As to the claims of improper argument, we have read the closing argument and do not conclude that the alleged error was improper; rather, it was fair comment in rebuttal on the defense argument.
 

 The Dorleans family argues on cross-appeal that it was error to include the deputy on the verdict form as a
 
 Fabre
 

 [2]
 

 defendant, claiming surprise. If we were to agree with them, we would conclude that the proper remedy would be a new trial. At oral argument, however, plaintiffs’ counsel informed the court that if the final judgment were otherwise affirmed on appeal, the Dorleans family would withdraw the cross-appeal rather than have this court reverse for a new trial. We therefore consider the cross-appeal as •withdrawn.
 

 For the foregoing reasons, we affirm the final judgment.
 

 TAYLOR and MAY, JJ., concur.
 

 [1]
 

 . The objection to the qualifications of the neuropsychologist to give testimony regarding the likelihood of Dorleans developing Alzheimer's disease from the injuries suffered came after the neuropsychologist had already given that opinion in his initial testimony. Thus, it too was not preserved.
 

 [2]
 

 .
 
 Fabre v. Marin,
 
 623 So.2d 1182 (Fla. 1993).