PER CURIAM.
Appellant, Wendy Whitney, the defendant below, appeals the denial of her motion for new trial and/or remittitur and final judgment entered in favor of Appel-lee, Manos Milien, the plaintiff below. We affirm.
The plaintiff was a rear-seat passenger in a motor vehicle when it was struck in the rear by a motor vehicle driven by the defendant. As a result of the collision, the plaintiff was rendered a quadriplegic. After a lengthy, and what was described by the trial judge as a “draining” trial that turned mainly on the issues of comparative negligence and the reasonable and probable cost of the plaintiffs future medical care, the jury rendered a verdict resulting in a substantial award of damages to the plaintiff.
The defendant first argues that counsel exceeded the bounds of proper closing argument and made highly prejudicial and inflammatory arguments requiring a new trial. A trial court’s denial of a motion for mistrial and a motion for new trial based on improper closing arguments are reviewed for abuse of discretion. Philippon v. Shreffler, 33 So.3d 704, 709 (Fla. 4th DCA 2010).
The defendant urges that the cumulative effect of the improper arguments by the plaintiffs counsel was sufficient to taint the entire proceedings and require a new trial. Upon review of the entire record on appeal, we do not find that “the ‘totality of all errors and improprieties’ are ‘pervasive enough to raise doubts as to the overall fairness of the trial court proceed *819 ings.’” Bocher v. Glass, 874 So.2d 701, 704 (Fla. 1st DCA 2004) (quoting Manhardt v. Tamton, 832 So.2d 129, 182 (Fla. 2d DCA 2002)). Under the circumstances presented in this case, it cannot be said that “no reasonable man would take the view adopted by the trial court” that these statements did not undermine the entire three-week trial. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980) (citation omitted). Therefore, we find the trial court did not abuse its discretion in denying the motion for new trial based on improper arguments by the plaintiffs counsel.
The defendant next argues that the trial court should have awarded a new trial, or at a minimum a remittitur, because the verdict was excessive and against the manifest weight of the evidence. The standard of review for an order denying a motion for new trial or denying a remittitur is abuse of discretion. See Brown v. Estate of Stuckey, 749 So.2d 490, 497 (Fla.1999).
In order to obtain a new trial on grounds that the verdict was excessive, one must establish that “ ‘the verdict was so much greater than it should have been as to shock the judicial conscience’ and that the jury was ‘influenced by passion or prejudice.’ ” Abbott v. Dorleans, 41 So.3d 984, 986 (Fla. 4th DCA 2010) (quoting Weinstein Design Grp., Inc. v. Fielder, 884 So.2d 990, 1002 (Fla. 4th DCA 2004)). As noted by this court in Abbott, “[wjhile we might disagree with the amounts awarded by the jury, mere disagreement with a jury’s verdict will not suffice; a verdict is contrary to the manifest weight of the evidence only where the evidence is ‘clear, obvious, and indisputable.’ ” Id. (quoting Becker v. Williams, 652 So.2d 1182, 1185 (Fla. 4th DCA 1995)).
The correctness of the jury’s verdict is strengthened when the trial judge refuses to grant a new trial or a remittitur. Lassitter v. Int’l Union of Operating Eng’rs, 349 So.2d 622, 627 (Fla.1976). The appellate court should not disturb a verdict as excessive, where the trial court refused to disturb the amount, unless the verdict is so inordinately large as to obviously exceed the maximum limit of a reasonable range within which the jury may properly operate. Id. Here, although disputed, evidence was presented which supports the jury’s verdict.

Affirmed.

POLEN, CONNER, JJ„ and KEYSER, JANIS BRUSTARES, Associate Judge, concur.