TAYLOR, J,
dissenting.
I respectfully dissent from the majority’s decision reversing the final judgment for the plaintiff. Although I agree that many of the comments-made by plaintiffs counsel were improper, I would find no abuse of discretion in the trial court’s ruling that they did not constitute a sufficient basis- for a mistrial. I would therefore affirm the trial court’s decision on this issue.
Trial courts have broad discretion in ruling on motions for a mistrial or new trial based on claims of improper argument. Whitney v. Milien, 125 So.3d 817, 818 (Fla. 4th DCA 2013); Philippon v. Shreffler, 33 So.3d 704, 709 (Fla. 4th DCA 2010). Thetrial court that presided over *768 this nearly two-month trial had ample opportunity to evaluate plaintiffs counsel’s opening and closing remarks and consider their potential effect on the jury. Over the course of the trial, the court diligently sustained defense objections to improper comments and instructed the jury to disregard them. “A motion for mistrial is properly denied where the matter on which the motion is based is rendered harmless by a curative instruction.” Perez v. State, 919 So.2d 347, 364 (Fla.2005). Here, the majority offers no convincing explanation as to why it was an abuse of discretion for the trial court to deny the motions for mistrial and instead give curative instructions.
The majority applies the harmless error test of Special v. West Boca Medical Center, 160 So.3d 1261 (Fla.2014), in support of its decision to reverse, but that test is inapplicable here. In Special, the trial court ruled incorrectly on an objection; here, the trial court correctly ruled on the objections and gave curative instructions, so a more deferential standard applies on appellate review. See Goodwin v. State, 751 So.2d 537, 547 (Fla.1999) (“[U]se of a harmless error analysis ... is not necessary where ... the trial court recognized the error, sustained the objection and gave a curative instruction. Instead, the correct appellate standard is whether the trial court abused its discretion in its denial of a mistrial.”).
The trial court also had discretion to decide whether the improper remarks, considered separately or as a whole, were likely to inflame the minds and passions of the jurors to the point where they could not properly render a verdict. Here, where the trial court concluded that the closing remarks were not so prejudicial as to require a new trial, it cannot be said that “no reasonable man would take the view adopted by the trial court.” Whitney, 125 So.3d at 819 (citing Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980)).
In virtually every Engle[5] progeny trial, plaintiffs seek damages for injuries suffered from the effects of smoking cigarettes, including punitive damages. In determining whether a plaintiff should receive punitive damages, jurors must consider the conduct of the defendant and determine whether such conduct warrants punitive damages. This determination requires jurors not only to measure the reprehensibility of the defendant’s conduct, but also to consider whether the defendant acknowledges that its conduct was wrongful. See BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 568, 575, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996) (punitive damages may properly be imposed to further a State’s legitimate interests in punishing unlawful conduct and deterring its repetition, and the most important indici-um of the reasonableness of a punitive damages.award is the degree of reprehensibility of the defendant’s conduct); Ellis Cty. State Bank v. Keever, 936 S.W.2d 683, 688-89 (Tex.App.1996) (whether the defendant showed remorse is a factor in determining an appropriate punitive damages award).
After deciding that the plaintiff qualified as a member of the Engle class (the decedent was indeed addicted to cigarettes), the jury next needed to determine the amount of compensatory damages and entitlement to punitive damages. It was during this phase of the trial that many of the comments were made. Where, as here, the plaintiff presented strong evidence of the defendants’ misconduct, as well as evidence of their persistent refusal to acknowledge any responsibility for the death of the plaintiffs decedent, it was not *769 improper for counsel to argue that the defendants failed to take responsibility for their conduct. Further, we have held that “send a message” arguments are appropriate in punitive damages cases. See, e.g., Ocwen Fin. Corp. v. Kidder, 950 So.2d 480, 481 (Fla. 4th DCA 2007).[6]
Of course, where the plaintiff is seeking only compensatory damages, it is improper for counsel to argue that the defendant failed to take responsibility for its conduct. See, e.g., State Farm Mut. Auto. Ins. Co. v. Gold, 186 So.3d 1061, 1063-64 (Fla. 4th DCA 2016); Allstate Ins. Co. v. Marotta, 125 So.3d 956, 959-60 (Fla. 4th DCA 2013); Intramed, Inc. v. Guider, 93 So.3d 503, 507 (Fla. 4th DCA 2012). This is so because in that situation the closing argument improperly shifts “the focus of the case from compensating the plaintiff to punishing the defendant.” Guider, 93 So.3d at 507. By contrast, where the jury must decide if punitive damages are warranted, the issue of whether the defendant failed to take responsibility for its wrongful conduct is undoubtedly relevant to whether punitive damages are necessary to deter the repetition of the conduct.[7]
Although I consider some of counsel’s comments improper and unnecessary to the plaintiffs case, for the most part, the comments cited by the majority were permissible and amounted to nothing more than effective advocacy for punitive damages. To the extent that there were improper comments, the trial court appropriately sustained defense objections and gave curative instructions. For that reason, I would find no abuse of discretion in the trial court’s denial of the motions for mistrial.
GROSS and MAY, JJ., concur.

. Engle v. Liggett Grp., Inc., 945 So.2d 1246 (Fla.2006).

. In R.J. Reynolds Tobacco Co. v. Gafney, 188 So.3d 53, 58 (Fla. 4th DCA 2016), a panel of this court acknowledged the holding of Ocwen, but then stated the following: "However, today we clarify that even when both claims are at issue, a plaintiff may not utilize ‘send a message’ and conscience of the community arguments when discussing whether the plaintiff should be compensated, due to the potential for the jury to punish through the compensatory award.” To the extent Gaf-ney may be read as overruling Ocwen, there was no authority for Gafney’s departure from the earlier panel decision without this court considering the case en banc. See In re Rule 9.331, 416 So.2d 1127, 1128 (Fla.1982) ("[T]he suggestion that each three-judge panel may rule indiscriminately without regard to previous decisions of the same court is totally inconsistent with the philosophy of a strong district court of appeal which possesses the responsibility to set the law within its district.”); Gonzalez v. Fla. Unemployment Appeals Comm’n, 80 So.3d 335, 343 (Fla. 3d DCA 2010) ("Stare decisis mandates one panel of a district court of appeal may not overrule the decision of another.”).

. I acknowledge that in Philip Morris USA, Inc. v. Tullo, 121 So.3d 595 (Fla. 4th DCA 2013), this court stated that comments referring to the tobacco companies’ failure to take responsibility for their actions fell under the umbrella of our decisions in Marotta and Guider. But Tullo did not directly address a key distinguishing factor present in most tobacco cases—namely, that the defendants' failure to accept responsibility is relevant to the issue of whether punitive damages are appropriate.